## 57974. THOMPSON v. THE STATE.

SHULMAN, Judge.

Defendant-appellant was convicted of the offenses of operating an automobile under the influence and obstructing an officer. We affirm.

1. Appellant, submitting that the verdict against him was based entirely on his uncorroborated confession of guilt, contends that his conviction of driving under the influence was without sufficient evidentiary support as a matter of law. We must take issue with appellant's contentions of error.

Defendant admitted to a state patrol officer that he was operating the vehicle at the time of the accident. This statement to the officer, however, did not include a confession that he had been driving while under the

influence of intoxicants. Thus, his statement "was an admission only, albeit incriminating in nature, and not a confession of guilt." *Stephens v. State,* 127 Ga. App. 416, 418 (1) (193 SE2d 870). As such, it was not direct evidence of defendant's guilt, but circumstantial evidence only tending to prove the offense charged, "which, with other evidence, may and often does justify a conviction." Id.

2. Appellant urges that the evidence of his obstructive conduct was grounded solely on his resistance by argument (see *McCook v. State,* 145 Ga. App. 3 (2) (243 SE2d 289)), and, therefore, insufficient to authorize his conviction for the offense of obstructing an officer. We disagree.

Although, as appellant contends, mere remonstrance is insufficient to support a conviction for obstructing an officer, the evidence adduced at trial showed more than defendant's mere remonstrance.

There was direct testimony that defendant threw a metal object at the deputy assisting the arresting officer. There was also evidence that after the defendant had been placed under arrest, he refused to remain in the emergency room pursuant to the arresting officer's instructions (compare *Ratliff v. State,* 133 Ga. App. 256 (1) (211 SE2d 192)); and that because of defendant's "violent actions," two officers were needed to handcuff the defendant for removal to the police station.

In view of the evidence presented at trial, we therefore conclude that a rational trier of fact could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of obstructing an officer. See, e.g., *Smith v. State,* 144 Ga. App. 785 (2) (242 SE2d 376).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED MAY 29, 1979 — DECIDED SEPTEMBER 4, 1979.

*Michael D. Hurtt,* for appellant.
*Charles A. Pannell, Jr., District Attorney,* for appellee.