## 58787. MADDUX v. R. O. E. M., INC.

BANKE, Judge.

This is a suit to recover damages for personal injuries sustained by appellant in a fall from a bicycle purchased from appellee's hardware store. The complaint alleged both negligence in the assembly of the bike and breach of express and implied warranties. However, the trial court refused to charge either express or implied warranty. *Held:*

1. As appellant failed to object to the court's failure to charge on express warranty, this complaint will not be considered on appeal. See Code Ann. § 70-207; *Keenan v. Buchanan,* 148 Ga. App. 279 (251 SE2d 120) (1978). In addition, we note that the jury was presented no evidence suggesting an express warranty.

2. Appellant properly requested a charge on implied warranty in accordance with Code Ann. § 109A-2—314 and properly excepted to the court's failure to give the charge. The evidence of negligence in the assembly of the bicycle was sufficient to create a jury issue on breach of implied warranty. "Where there is evidence of a defect in the goods which renders them unfit for the ordinary purposes for which such goods are used, the vendor may be held liable under the UCC." *Farmers Mut. Exchange of Baxley, Inc. v. Dixon,* 146 Ga. App. 663, 664 (247 SE2d 124) (1978).

*Judgment reversed. McMurray, P. J., and Underwood, J., concur.*

ARGUED OCTOBER 30, 1979 — DECIDED DECEMBER 5, 1979.

*E. Graydon Shuford,* for appellant.
*Elmer L. Nash, William E. Turnipseed,* for appellee.