## 60450. JINKS v. THE STATE.

BIRDSONG, Judge.

Appellant Jinks was indicted for the offenses of burglary and simple battery and was convicted of criminal trespass and simple battery. He appeals, enumerating two errors below. *Held:*

1. Jinks contends that the elements of simple battery charged in the indictment were not proven as alleged and that the court's charge expanded the indictment. We find no error. The indictment alleged that Jinks committed simple battery in that he "did unlawfully and intentionally cause physical harm to H. W. Beck by striking him on the arms, chest, face and head with his hands and fist." The trial court quoted Code Ann. § 26-1304 in charge of the offense of simple battery, which code section provides, that "a person commits simple battery when he either (a) intentionally makes physical contact of an insulting or provoking nature with the person of another or (b) intentionally causes physical harm to another." Officer Beck testified he was hit in the arms, face, and chest. The indictment alleges that harm was caused to Beck in· being hit in this manner. The determination of whether harm was caused is a matter for the jury; the evidence supports the verdict, and we will not disturb the jury's verdict. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131). Appellant made no requests to charge or objections to the charge on this point, *Bass v. State,* 237 Ga. 710, 711 (229 SE2d 448), and see *Anglin v. State,* 244 Ga. 1, 5 (5) (257 SE2d 513); *McFarland v. State,* 109 Ga. App. 688 (137 SE2d 308), so even if there were any error, he cannot complain to this court.

2. Appellant contends he was denied a fair trial because of the court's refusal to allow access to the arresting officer's personnel file. Jinks argues that he was therefore not allowed to test thoroughly the credibility of Officer Beck. There is no error here. Appellant did not show that there was anything in the file which was favorable to himself or that had material probative value or was exculpatory to the appellant. *Clark v. State,* 138 Ga. App. 266, 272 (226 SE2d 89). The officer's personnel file can have no relevance to the guilt or innocence of the defendant in this case and the trial judge was absolutely correct to deny appellant access to it, the more so because it was to be a fishing expedition and appellant did not know what he hoped to find

therein, except his own complaint against the officer.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED OCTOBER 1, 1980 —

*J. Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.