62023. AVANT TRUCKING COMPANY, INC. v. STALLION et al.

DEEN, Presiding Judge.

Avant Trucking Co. brought an action against the Stallions, a father and son, for damages resulting from a collision between the Stallion tractor-trailer truck which was hauling logs and the Avant tractor-trailer truck, driven by Taylor, which was hauling 23-24 tons of gravel. Stallion claimed that Taylor was following behind his truck in the left lane of a four-lane divided highway and collided with a log on the back of the truck when he stopped to make a left turn. Taylor contended that he was driving in the right lane and the Stallion truck swung the logs about four feet into his lane when he began to make his turn. An eyewitness who was driving a second Avant truck and following Taylor by several car lengths testified that Taylor was driving in the right lane and that the Stallion truck did not completely stop before making the turn. The jury returned a verdict in favor of the Stallions and an appeal is brought by Avant from the denial of its motion for a judgment notwithstanding the verdict, and its motion for a new trial.

1. Appellant contends that the trial court erred in allowing a police officer to give his opinion as to how the collision occurred.

On direct examination, Officer Rogers testified that he was called to investigate the collision between the trucks which occurred at the intersection of Pio Nono Ave. and Guy Paine Rd. When he arrived, he found the Avant truck inside an animal hospital which was located on Pio Nono Ave. and log truck off to the side of the road

on Guy Paine Rd. He testified that he was unable to determine what the parties were doing, in which lanes the vehicles had been traveling, and that there were no skid marks on the road. After counsel questioned him about an accident report he filed, the officer remembered that there were skid marks which began close to the inside of the right lane which went at an angle off the side of the road. He was unable to determine the speed of the vehicles or whether the log truck was moving at the time of the accident. He claimed, however, that he was informed by the log truck driver that he was going 5 m.p.h. when the accident occurred. Additional testimony included an estimate of the damages to the Avant truck, the width and condition of the highway, a posted speed limit of 50 m.p.h. in that area, the length of the logs, the presence of a red flag on the longest log, and that the turn signals on the log truck were in working order. He was asked if he was an accident reconstructionist and he stated that he was not.

On cross-examination, defense counsel questioned him as to his background and experience in investigating automobile accidents, what the drivers of the vehicles told him during his investigation, and his claim that there were no skid marks on the highway prior to impact which indicated to him that the Avant driver had not touched his brakes until impact. He stated that he believed that the damages sustained by the Avant truck were caused by a log striking and going through the left headlight because only one log on the right side of the log truck was damaged and his investigation showed that the logs were securely fastened on the truck. As he did not know the exact point of impact, counsel asked him if the angle of impact, based upon the two versions of the accident that he had been given were ". . . consistent with the left turn and striking or were they consistent with the truck being stopped and rear-ending?" He replied, "More of a rear-ending." (It is worth noting that on direct examination he testified that the log truck driver informed him he was traveling 5 m.p.h. at the time of the collision, on cross-examination, he testified that Stallion informed him he was stopped.)

Appellee's contention that the witness was qualified as an expert in the reconstruction of automobile accidents and could give opinion testimony based upon hearsay is not supported by the record. On direct examination, he claimed that he was not an expert in that field. In response to the plaintiff's objection, the court ruled, "My recollection is that this man was not qualified as an expert." Counsel then argued that the witness could give his opinion as a layman and the objection was overruled. (Further evidence that the court had ruled that the witness was not an expert may be gleaned from the jury charge. The judge charged the jury on credibility of witnesses from

the pattern jury charge, but did not give a charge on expert witnesses.) We find that the court exercised its discretion and ruled that the witness was a layman. See *Rouse v. Fussell,* 106 Ga. App. 259 (126 SE2d 830) (1962).

Under Code § 38-1710: "The opinions of experts, on any question of science, skill, trade, or like question, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." "[A]n expert's opinion may be based in part upon hearsay, and that when it is based thereon it goes to the weight and credibility of the testimony — not its admissibility." *City of Atlanta v. McLucas,* 125 Ga. App. 349 (187 SE2d 570) (1972). The rule as to lay witnesses is quite different. Code Ann. § 38-1708 provides: "Where the question under examination, and to be decided by the jury, shall be one of opinion any witness may swear to his opinion or belief, giving his reasons therefore; but if the issue shall be as to the existence of a fact, the opinions of witnesses, generally, shall be inadmissible." A lay witness is permitted to give his opinion as to the cause of an automobile collision after he fully describes his own observations made at the scene (position of the vehicles, location and angle of the tire marks on the road, etc.). *Dual S. Enterprises v. Webb,* 138 Ga. App. 810 (227 SE2d 418) (1976). A police officer who investigates an accident, however, cannot base his opinion as to the manner in which the accident occurred upon hearsay statements which he receives during his investigation unless they are part of the res gestae. *Augusta Coach Co. v. Lee,* 115 Ga. App. 511 (154 SE2d 689) (1967); *Calhoun v. Chappell,* 117 Ga App. 865 (162 SE2d 300) (1968). In the present case, as in *Augusta Coach Co.* and *Calhoun* cases, the statements were not part of the res gestae but were given some time after the accident, and it was error for the trial court to permit the police officer to give his opinion based in part upon information given to him by the truck drivers.

2. Appellant also claims that the court erred in charging the jury "that the laws of the State of Georgia, in effect at the time of the accident in question, make it a violation to drive at a speed greater than the limit posted. If you find from the evidence that the plaintiff's driver, Daniel M. Taylor, was operating a vehicle in excess of the posted speed limit, then he would be guilty of negligence per se or negligence as a matter of law." There was absolutely no evidence that Taylor was exceeding the speed limit. He testified that he was driving between 35 and 40 m.p.h. An eyewitness who was a couple of truck lengths behind him also testified that he was driving at that speed. The officer investigating the accident testified that the posted speed limit for that stretch of road was 50 m.p.h. and that he could not determine the speed of the Avant Trucking Co. truck. He further

testified that there were skid marks in the right-hand lane, but he did not measure them. Taylor testified that the log struck the left front light of his cab and severed the steering and air-line to the brakes and that the truck went off the road and ended up inside an animal hospital. Contrary to appellees' contention, we are unable to say that there are glimpses of speeding which justified the charge. See *Lanier v. O'Bear,* 101 Ga. App. 667 (115 SE2d 110) (1960). A charge which is not authorized by the evidence and which injects issues into the case which are not made by the pleadings or evidence is presumed to be harmful to the losing party. *Ingram v. Jackson,* 153 Ga. App. 201 (265 SE2d 29) (1980). Where such a charge is given and is calculated to mislead and confuse the jury, a reversal is required. *Akin v. Patton,* 235 Ga. 51 (218 SE2d 802) (1975). In the present case, the charge could confuse and mislead the parties by giving the Stallions a defense upon which they had not relied and to which they were not entitled.

3. The trial court did not err in refusing to allow appellant's counsel to question Robert Stallion on cross-examination about a subsequent collision. Stallion did not make any statement on direct examination as to the lack of prior or subsequent accidents. Under Code Ann. § 38-202, similar acts or omissions in a negligence action are not admissible. As the question was not posed to impeach testimony given during direct examination, the plaintiff is not permitted to use cross-examination as a vehicle to place irrelevant and prejudicial matter before the jury. *Johnson v. Myers,* 118 Ga. App. 773 (165 SE2d 739) (1968).

4. The trial court's remaining charges on Code Ann. § 68A-801 (driving at a reasonable and prudent speed), § 68A-310 (following too closely), and comparative negligence were all authorized by the evidence. As there was no objection made to the charge on the jury's competence to decide the case, there is nothing for this court to review on appeal. *Maddux v. R. O. E. M., Inc.,* 152 Ga. App. 732 (264 SE2d 31) (1979).

*As it was error for the trial court to deny the motion for a new trial, this judgment is reversed. Banke and Carley, JJ., concur.*

DECIDED JUNE 9, 1981 —
REHEARING DENIED JULY 9, 1981

*Lawton Miller, Jr.,* for appellant.
*Roger Mills,* for appellees.