## 62117. TAYLOR et al. v. SMITH et al.

SHULMAN, Presiding Judge.
Plaintiff-appellee Williams is a tax and financial planning agent and a licensed real estate saleman. One of Williams' clients was an official with a health maintenance organization known as HealthCare, Inc. Williams was assisting HealthCare in its search for suitable commercial space to lease, and put HealthCare in touch with defendant-appellant Waterford II, a joint venture which had a building for lease that could possibly satisfy HealthCare's needs.

Williams testified that, in the course of the initial contact, Neill Faucett, a representative of Waterford II and a co-defendant, agreed to pay him a real estate commission of 6% of each monthly payment if his prospect entered into a lease. Faucett testified that the agreement was for a "referral" or some sort of finder's fee, but he denied that he ever agreed to 6% commission payments. Plaintiffs' participation in the negotiations between HealthCare and the defendants ended with that initial phone conversation with Faucett.

Upon defendants' refusal to pay Williams the real estate commission, plaintiffs filed suit claiming recovery under either the alleged express contract for 6% of the monthly rental or under the implied contract for the reasonable value of Williams' services to the defendants. The jury ultimately returned a verdict in favor of the plaintiffs, finding that an express contract had indeed been created.

1. The defendants have set forth a number of errors allegedly committed by the trial court. The first five enumerations involve the manner in which the verdict was received from the jury. The trial court instructed the jury that if they found for the plaintiff they were to return their verdict in the following form: "We, the jury, find in favor of the plaintiff and against the defendant, in the sum of $————, on Count ————." Before the jury returned a verdict, they asked for a clarification of the difference between Count 1, based on an express contract, and Count 2, based on quantum meruit. After the trial judge distinguished the two counts, he sent the jury out again to continue their deliberation. Thereafter, the jury returned with a verdict which was published to the court in the following form: "We, the jury, find for the plaintiff. This 11th day of September, 1980. Verona G. Kendall, Foreman." The court recognized the insufficiency of the form of the verdict and instructed the jury to insert the dollar amount and count number. The jury returned with this verdict: "We, the jury, find for the plaintiff in the amount of 6% of each monthly payment provided for under the lease. This 11th day of September, 1980." The trial judge, recognizing that the form remained incomplete, allowed the jury to write "Count One" on the verdict since it was obvious that the jury was upholding the express contract. At that time the jury was excused until after lunch. However, plaintiffs' attorney requested that the verdict be altered so as to conform to the format outlined by the court. The trial judge called the jury back and instructed them to include in their verdict a specific dollar amount and to specify the count on which they found for the plaintiffs. Defendants moved for a mistrial because plaintiffs' attorney and one of the plaintiffs had been seen thanking several of the jurors after the previous dispersal of the jury. That motion was denied and the jury returned a verdict for plaintiffs in the sum of

$13,902.60 (6% of the rental payments), under Count 1 of the complaint.

Defendants contend that the trial court erred by regrouping the jury after they had come in contact with a plaintiff and that the trial court remedied a substantial omission in the jury's verdict.

"A verdict may be amended in mere matter of form after the jury have dispersed; but after it has been received and recorded, and the jury dispersed, it may not be amended in matter of substance, either by what the jurors say they intended to find or otherwise." Code Ann. § 110-111.

Appellants urge that the trial court's addition to the verdict was one of substance and not form. We disagree. "Where the intention of the jury is apparent on the face of the verdict, the form of it may be amended to conform to the apparent intention. [Cits.]" *Polk v. Fulton County,* 96 Ga. App. 733, 737 (101 SE2d 736). It was apparent the jury had found for the plaintiffs under Count 1 because the recovery was the amount stipulated by the express contract. While the reassembly of the jury was somewhat irregular, we hold, under the peculiar circumstances of this case, that the impropriety had no prejudicial effect because the jury's intention was already clear. Therefore, the first five enumerations of error are without merit.

2. Appellants' sixth enumeration concerns the trial court's action in allowing appellee Williams to testify as an expert with regard to the fair value of his services as a leasing agent. Appellants contend that Williams admitted during his testimony that he was no expert on the subject. However, it is within the trial court's discretion, not the witness', to determine who qualifies as an expert, and this decision will be respected by the appellate courts unless the trial court has obviously abused its discretion. *Hogan v. Olivera,* 141 Ga. App. 399, 401 (233 SE2d 428). Finding no evidence of any such abuse by the trial court, we will not disturb its ruling.

3. Appellants also argue that the trial court erred by instructing the jury on the issue of quantum meruit. Since the jury found for plaintiffs under the express contract, any error that may have occurred in connection with the charge concerning the fair value of plaintiffs' services would have been harmless.

4. In their final enumeration of error, appellants urge that the trial court erred in charging the jury on the issues of agency, ratification of agency, and revocation of agency. Appellants argue that there were no agency issues presented by the evidence and that the instructions may have been misconstrued by the jury to refer to a real estate agent, such as appellee Williams. The record shows that the charges of which appellants complain were, in fact, concerned with the issue of the agency relationship between a real estate broker,

such as appellee Williams, and the owner of real estate, such as appellants. The record also shows that such a relationship was at issue in this case. Appellants have demonstrated no error in those instructions.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 16, 1981 —
REHEARING DENIED OCTOBER 5, 1981 ▮▮▮▮▮▮▮

*Wesley Williams, Terrence Lee Croft,* for appellants.
*Albert S. Johnson,* for appellees.