69240. TAYLOR v. THE STATE.
(324 SE2d 788)

McMURRAY, Chief Judge.

Following a trial by jury, defendant was convicted of driving under the influence of alcohol and speeding. This appeal followed. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in quashing his subpoenas for the production of documentary evidence. The subpoenas sought all of the driving under the influence of alcohol reports compiled by the arresting officer during the month in which defendant was arrested. Defendant asserts he was entitled to the production of the reports for the purpose of "raising an issue as to the credibility of the State's witness, Officer J. H. Burton." But defendant cannot point to any specific report which will cast doubt upon the officer's credibility. "The officer's [arrest] file can have no relevance to the guilt or innocence of the defendant in this case and the trial judge was absolutely correct to deny [defendant] access to it, the more so because it was to be a fishing expedition and [defendant] did not know what he hoped to find therein, except his own complaint against the officer." *Jinks v. State*, 155 Ga. App. 925 (2) (274 SE2d 46).

2. In his second enumeration of error, defendant contends the trial court erred in refusing to permit him to propound certain hypothetical questions to his expert witness. The hypotheticals sought the expert's opinion concerning defendant's blood alcohol level at the time of arrest. The trial court sustained the prosecutor's objection to the questions on the ground that the witness was not competent to opine on such matters. It is within the discretion of the trial court to determine whether an expert qualifies as an expert, and the trial court's decision in this regard will be affirmed by the appellate courts in the absence of an obvious abuse of discretion. *Taylor v. Smith*, 159

Ga. App. 797, 799 (2) (285 SE2d 200); see *Avant Trucking Co. v. Stallion*, 159 Ga. App. 198 (283 SE2d 7). Our review of the qualifications of the witness which were presented to the trial court does not lead us to conclude that there was an obvious abuse of the court's discretion.

Although the trial court did not permit defendant's expert to answer the hypothetical questions propounded by defense counsel, defendant was able to elicit virtually the same opinion evidence concerning the defendant's blood alcohol level. Accordingly, defendant cannot demonstrate that he was harmed by the trial court's refusal to permit him to propound the hypotheticals to the expert. *Tripcony v. Pickett*, 132 Ga. App. 563 (1) (208 SE2d 574).

3. Defendant asserts the trial court erred in failing to charge the jury with defendant's requests to charge Nos. 6 and 8. He contends these charges were necessary in order for the jury to be charged properly that the presumptions arising from blood alcohol content refer to the time of the operation of the vehicle, not the time of the blood alcohol test. Our review of the court's instructions demonstrates the jury was charged appropriately that "under the law of this State a person shall not drive or be in actual physical control of any moving vehicle while under the influence of alcohol or while there is 0.12 percent or more by weight of alcohol in his blood." See OCGA §§ 40-6-391 (a) and 40-6-392 (b). There is no error here. Assuming the requested charges were correct, the charge given by the trial court covered the same principle of law. Accordingly, the failure of the court to give the requested charges is not a ground for a new trial. *Harkness v. Harkness*, 228 Ga. 184, 185 (2) (184 SE2d 566).

4. In his final enumeration of error, defendant asserts the trial court erred in refusing to supplement the trial transcript. He contends the trial judge should have granted his motion to supplement the record to reflect the jury's request for a clarification of the charge and the court's charge in response to the request.

A hearing was held upon defendant's motion. At the hearing, defendant asserted the jury made the following inquiry: "We're confused, we backed down the alcohol content from the time he was tested until the time he was driving and find that he wasn't drunk, but what we want to know about, whether the part about the .12 means when he was driving or when he was tested." He also asserted that the court responded by recharging the court's "pattern charge on driving under the influence as set forth in the Code" and with regard to OCGA § 40-6-392 (b). The State's counsel acknowledged that the jury came back with a question concerning the "timing" of the alcohol content. He contended, however, that in response to the jury's inquiry the trial court recharged OCGA §§ 40-6-391 and 40-6-392. The trial judge stated that he had no specific recollection as to what transpired. The judge observed, however, that defendant did not request the

presence of the court reporter when the jury returned and he denied defendant's motion to supplement the record. The trial judge added, however, that if the parties were able to agree upon stipulated facts, they would be put in the record.

Defendant concedes that, "[t]he transcript of proceedings shall not be reduced to narrative form unless by agreement of counsel . . ." OCGA § 5-6-41 (d). He argues, however, that the trial court should have ordered the inclusion of a supplemental record because "State's counsel and defense counsel agreed that certain matters transpired that were not recorded." We disagree. Although the State may have agreed with defendant's recollection of the jury's inquiry, it clearly disagreed with defendant's version of the trial court's recharge. We think it is clear, therefore, that the parties did not agree as to what transpired in the trial court. Accordingly, defendant's statement as to what occurred in the court below may not be considered by this court. See *Parker v. State*, 154 Ga. App. 668 (1) (269 SE2d 518).

Assuming the jury's inquiry and the jury's question should have been put in the record, nevertheless, defendant cannot show reversible error. "Failure to transcribe is not harmful per se; rather, the defendant as appellant must demonstrate to this court harm resulting from the failure to transcribe. *Davis v. State*, 242 Ga. 901, 902 (1) (252 SE2d 443) (1979)." *Rutledge v. State*, 245 Ga. 768, 773 (267 SE2d 199). Since the jury's inquiry alone does not demonstrate harmful error, we deem defendant's final enumeration of error to be without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1984.

*J. Joseph Kennedy, Kathryn M. Zickert*, for appellant.
*James L. Webb, Solicitor, E. Duane Cooper, Charles S. Hunter, Assistant Solicitors*, for appellee.