### 73005. TAYLOR v. THE STATE.
(356 SE2d 216)

BENHAM, Judge.

Frank Taylor appeals from his conviction of driving under the influence and obstruction of an officer and from his sentence of twelve

months probation, a $1,000 fine, and $100 each to two police officers as restitution.

On March 27, 1985, appellant was stopped by Glynn County police officer Eckhoff after the officer noticed appellant swerve over the centerline several times. Following his unsuccessful performance of three field sobriety tests, appellant declined to take an alcosensor test, which had been brought to the scene by two officers upon Eckhoff's request.

The testimony is conflicting as to the events subsequent to the two officers' departure. Eckhoff stated that before placing appellant in the patrol car, he informed appellant that he was under arrest for driving under the influence. Once in the car, appellant began screaming and kicking the door with both feet. Eckhoff attempted to read him the *Miranda* warnings three times and then, afraid that the door would break open, called for a backup unit. Appellant continued kicking and resisting the officers' efforts as they removed him from the car and handcuffed him.

Appellant testified that Eckhoff placed him in the car without informing him he was under arrest. He became upset and requested to be released, and never heard Eckhoff read the *Miranda* warnings. After calling for a backup unit, Eckhoff stood outside the vehicle with a nightstick and yelled obscenities at appellant. Eight officers converged on the scene, hit appellant repeatedly, forcibly removed him from the vehicle, and violently pushed his head onto the hood of the vehicle.

The appellant again refused to take a chemical test at the police station. However, almost four hours after his arrest and at his request, a blood alcohol test was administered which revealed an alcohol content of .112 grams percent.

Following his arrest, appellant filed a complaint with the police department alleging brutality, which prompted an internal investigation. The resulting internal investigation report consisted of statements by the police officers involved, by appellant's brother, and by a private citizen who had helped subdue appellant. Pursuant to a pretrial *Brady* motion for disclosure of any exculpatory materials, the trial court conducted an in camera inspection of the State's file, which contained the results of the internal investigation, and found that nothing in the file was exculpatory.

Shortly before trial, counsel for appellant served a subpoena on the chief of the Glynn County Police Department, seeking production of the personnel files of the police officers who participated in appellant's arrest. Because his primary defense to the obstruction charge was that the police officers actually had been the aggressors, appellant asserted that the personnel files would demonstrate the violent predispositions and propensities of the various officers and thus be rele-

vant. The trial court denied appellant access to the officers' personnel files, finding appellant's request untimely.

1. Appellant asserts error in the trial court's denial of his request for access to the personnel files. Appellant does not point to any specific report contained in the personnel files which casts doubt upon any officer's credibility. "The officer's . . . file can have no relevance to the guilt or innocence of the defendant in this case and the trial judge was absolutely correct to deny defendant access to it, the more so because it was to be a fishing expedition and defendant did not know what he hoped to find therein, except his own complaint against the officer. [Cit.]" *Taylor v. State*, 172 Ga. App. 827 (324 SE2d 788) (1984).

2. Contrary to appellant's contention that the trial court erred in failing to direct a verdict of acquittal on the charge that appellant obstructed an officer in the lawful discharge of his official duties by refusing to exit the patrol car as requested and then physically resisting a forced exit, the evidence certainly was sufficient to authorize a rational trier of fact to find appellant guilty of that offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thompson v. State*, 151 Ga. App. 128 (2) (258 SE2d 776) (1979).

3. During the trial, the jury viewed without objection a brief videotape of appellant refusing the police officer's request that he take a chemical test. During deliberations, the jury was allowed to view the tape again in open court. Appellant's contention that such a repeat performance was error has already been rejected by this court. *Allen v. State*, 146 Ga. App. 815 (3) (247 SE2d 450) (1978).

4. Appellant also contends that the trial court erred in ordering payment of $200 restitution to two of the police officers involved as a condition of probation without conducting a hearing on the issue and making specific written findings. At the hearing on the motion for new trial, the prosecutor agreed that the order for restitution was inappropriate, but the trial court nevertheless declined to strike that portion of the sentence. Under *Patterson v. State*, 161 Ga. App. 85, 86 (289 SE2d 270) (1982), the portion of the sentence imposing restitution must be reversed and the case remanded for a hearing on the issue and for entry of specific written findings pursuant to OCGA § 17-14-8.

*Judgment of conviction affirmed; sentence reversed with direction. Birdsong, C. J., McMurray, P. J., Banke, P. J., Carley and Pope, JJ., concur. Beasley, J., concurs in Divisions 2 through 4, and in judgment only in Division 1. Deen, P. J., and Sognier, J., concur in part and dissent in part.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 2 through 4. As to Division 1, I concur in the judgment only.

DEEN, Presiding Judge, dissenting.

While concurring with Divisions 2, 3, and 4 of the majority opinion, I must dissent from Division 1, because it appears that some of the personnel files may have been discoverable in this case.

With regard to the results of the internal investigation of the appellant's arrest, independent review of the materials reveals nothing exculpatory. At most, the officers' statements contain insignificant variances from the trial testimony in recounting minor details of the incident. No justification for a new trial exists unless the defendant demonstrates that a "suppressed" inconsistent statement might have affected the outcome of the trial, and the appellant here most assuredly has not met that burden. *Legare v. State*, 243 Ga. 744, 754 (257 SE2d 247) (1979); *Dickey v. State*, 240 Ga. 634, 636 (242 SE2d 55) (1978). However, the state's failure to produce the complete personnel files as subpoenaed and the trial court's denial of access to the files have left this court as well as the appellant in the dark.

To some extent, perhaps, the appellant's subpoena of the officers' personnel files was a "fishing expedition," but the appellant's stated reason for his need of the files was cogent and central to his defense to the obstruction charge. Given that circumstance, evidence of prior specific instances of the officers' unwarranted violence would not have been irrelevant under the general provision of OCGA § 24-2-2, and the files should have been produced. See *Henderson v. State*, 255 Ga. 687 (3) (341 SE2d 439) (1986). The trial court could properly have deleted privileged or irrelevant material from such personnel files, but erred in allowing the state to withhold the subpoenaed files on the basis that the appellant's subpoena/request was "untimely," especially in view of the fact that no written motion to quash the subpoena was ever filed as required by OCGA § 24-10-22 (b).

The dishonor of the appellant's subpoena and the omission of any personnel files in the appeal record (other than the internal investigation report) necessarily results in this review of the issue being somewhat inconclusive. It may be that the officers' personnel files contain nothing suspected by the appellant, and thus no harm done in the denial of the files; but it may also be that the appellant was wrongfully deprived of relevant materials central to his primary defense to the obstruction charge. The only practical solution is to remand the matter to the trial court to review the complete personnel files of the officers who participated in the appellant's arrest. If those files in fact contain the type of information suspected by the appellant, the files should be released to the appellant and new trial

granted on the obstruction charge.

I must respectfully dissent. I am authorized to state that Judge Sognier joins in this dissent.

DECIDED MARCH 10, 1987 —
REHEARING DENIED APRIL 3, 1987 —

*Amanda F. Williams*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *Robert L. Crowe*, Assistant District Attorney, for appellee.