**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 22, 2016**

# In the Court of Appeals of Georgia

A16A1049. PAYNE v. THE STATE.

PETERSON, Judge.

This is another case about whether the State sufficiently proved venue in a criminal prosecution. It was New Years' Eve in a Chatham County trailer park when police arrived in response to a report of a fight. A white van left quickly upon their arrival; the driver was John Robert Payne, Jr. An officer followed Payne, activating his blue lights and siren after Payne had left the trailer park. Payne fled, driving erratically and making several turns before crashing, and was convicted of fleeing or attempting to elude a police officer. Payne now argues on appeal that, although the trailer park was in Chatham County, there was no evidence that the roads down which Payne fled also were, and thus the State failed to prove venue. Payne also argues that his trial counsel was ineffective for a variety of reasons. We affirm because (1) there

is record evidence authorizing the jury to conclude that one of the roads down which Payne fled was in Chatham County, and (2) trial counsel's performance was not deficient.

1. Payne argues that the evidence was insufficient to support his conviction because the State failed to prove venue. We disagree.

When we review the sufficiency of the evidence, we do not "re-weigh the evidence or resolve conflicts in witness testimony" but instead defer "to the jury's assessment of the weight and credibility of the evidence." *Greeson v. State*, 287 Ga. 764, 765 (700 SE2d 344) (2010) (citation omitted). We determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (99 S. Ct. 2781, 61 LE2d 560) (1979) (citation omitted) (emphasis in original).

So viewed, police responded to a report of a fight in progress at a trailer park on the evening of December 31, 2012. Officers testified at trial that the trailer park is located in Chatham County, Georgia. As a responding officer approached the trailer park, he noticed a white van backing out of the trailer park at a high rate of speed. A

lieutenant who also had responded to the call instructed the officer to stay with the van.

The officer followed the van and attempted to initiate a traffic stop by activating his vehicle's blue lights and siren. When he activated his blue lights, the van had just turned from Downing Avenue (which ran alongside the trailer park) onto 43rd Street.[1] The officer testified that the van traveled down Downing Avenue, along which it had been parked at the trailer park, turned onto 43rd Street, and then jumped a curb to turn onto Skidaway Road, where it traveled in the lane of oncoming traffic. A taxi driver — who testified that he was "on the roads of Chatham County" that night, specifically eating at a fast food restaurant on Skidaway Road — saw the chase, observing that the van was driving erratically and a passenger was looking back at police. The van then drove along an alley not meant for through traffic.

After the van made several turns, the passenger exited the vehicle and began fleeing on foot. The driver of the van changed directions and continued on, and the officer elected to follow the passenger. The passenger, later identified as Payne's co-defendant Charles Sapp, was apprehended and taken into custody. The van crashed

_____

[1] Although the officer testified that he activated his siren, the jury viewed the dash camera video, which showed the precise timing of the officer's use of blue lights, without sound.

into a tree, and the driver ran away. An investigating officer testified that the crash site also was located in Chatham County. The van was registered to Payne and contained several documents with his name on them. There was a lot of blood on and inside of the van, including on the steering wheel, the dash board, the center console and both seats. Payne, whose DNA matched that found in blood on the outside of the driver's side of the van, was apprehended several months later.

Back at the trailer park, police found a man with several stab wounds. He later testified to being robbed and stabbed by two men, one of whom he identified as Sapp. Sapp and Payne were jointly indicted for various offenses, including armed robbery and fleeing or attempting to elude a police officer.

Sapp testified at trial that Payne was giving him a ride when Payne decided to stop and see the alleged victim. Sapp testified that Payne and the alleged victim got into a physical fight in which the alleged victim threw the first punch and wielded a knife. Sapp testified that when he and Payne left in the van, with Payne driving, Payne was bleeding badly. He said he was concerned because Payne was "bleeding and leaning into the window . . . and making bad moves . . . as far as his driving[.] Sapp testified that he noticed blue lights behind them "[a]bout halfway up 43rd" and realized the police were pursuing "when we got closer to Skidaway."

4

Payne did not testify. Sapp was found guilty of obstruction of an officer and fleeing or eluding but acquitted of the other charged offenses. Payne also was found guilty of fleeing or eluding and acquitted of the other charges. He filed a motion for new trial, which the trial court denied. This appeal followed.

A criminal case must be tried "in the county where the crime was committed." Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. *See also* OCGA 17-2-2(a). "When a defendant pleads not guilty, the State must prove every element of the charged crime, including venue, beyond a reasonable doubt." *Grant v. State*, 326 Ga. App. 121, 123 (2) (756 SE2d 255) (2014). What evidence is sufficient to prove venue has been the subject of a number of Georgia Supreme Court decisions over the last decade and a half.

Our Supreme Court has made clear that merely "slight evidence" of the proper venue is not enough to sustain a verdict. *Martin v. McLaughlin*, 298 Ga. 44, 46 n.3 (779 SE2d 294) (2015)*; Jones v. State*, 272 Ga. 900, 902-03 (2) (537 SE2d 80) (2000). And "[e]stablishing the venue of a near-by site does not establish the venue of the [crime] site itself." *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002). Earlier this year, the Supreme Court said that testimony that a crime occurred "just down the street" from a residence located in the county where case was tried was

5

not sufficient to establish venue (although the Court's holding was that venue had been established in that case based on evidence of the affiliation of the responding and investigating officers and use of the county sheriff's office's forms and evidence room). *See Propst v. State*, No. S16A0275, 2016 Ga. LEXIS 457, at *9-10, 2016 WL 3658941, at *3 (1) (b) (July 5, 2016). That Court has urged prosecutors not to overlook venue as they set out to prove their cases, noting that, "like the Court of Appeals, we continue to see cases like this one in which venue becomes a serious issue on appeal, apparently unnecessarily." *Thompson v. Brown*, 288 Ga. 855, 857-58 (708 SE2d 270) (2011).

At the same time, the Supreme Court has allowed that "[t]he State can establish venue by both direct and circumstantial evidence." *Propst*, 2016 Ga. LEXIS 457, at *9, 2016 WL 3658941, at *3 (1) (b). And "venue generally is a question for the jury, and on direct appeal, the evidence must be viewed in the light most favorable to the verdict of the jury, and the verdict must be sustained as to venue so long as the evidence would permit a rational jury to find beyond a reasonable doubt that venue was properly laid." *Martin*, 298 Ga. at 46 (citation omitted). On the same day that the Supreme Court issued its opinion in *Propst*, in a separate case it held that evidence that a mini mart parking lot where a murder victim's body was dumped was in a

6

particular county was sufficient to establish venue for the murder, given evidence that the car in which the victim was shot pulled into the parking lot "real fast" and "real close" after shots were fired. *Jones v. State*, No. S16A0314, 2016 Ga. LEXIS 454, at *11-12, 2016 WL 3658940, at *4 (3) (July 5, 2016)).[2]

That said, under the 2000 *Jones* decision that still binds us, this record contains enough evidence to reject Payne's sufficiency argument. Testimony established that the trailer park was located in Chatham County, where the case was tried. A responding officer testified that Payne attempted to flee as he turned on to 43rd Street and continued onto Skidaway Road. The officer activated his blue lights just after the van turned onto 43rd Street, and they remained activated as Payne turned onto Skidaway. The video clearly shows Payne driving evasively after making the turn onto Skidaway. "[T]he offense of eluding an officer is complete when a defendant refuses to stop his vehicle despite visual and audible signals to do so." *Grant*, 326 Ga. App. at 124 (2). Payne committed this offense on every road down which he fled, including Skidaway. And, when considered in the context of the question asked him,

---

[2] One justice observed that this outcome was difficult to reconcile with the Supreme Court's previous jurisprudence. *See Jones*, 2016 Ga. LEXIS 454, at *17-18, 2016 WL 3658940, at *5 (Nahmias, J., concurring, urging Court to disapprove of 2000 *Jones* decision, rather than "continuing to disregard or work around" it).

7

a taxi driver who saw Payne flee past him as he ate at a fast food restaurant described Skidaway as a road in Chatham County:

> Q      That particular evening, a little bit after nine o'clock, did you have the occasion to be on the roads of Chatham County?
>
> A      Yes, ma'am, I was.
>
> Q      And whereabouts were you?
>
> A      I was at 42nd at Skidaway at the KFC.
>
> . . .
>
> Q      Okay. And where were you parked on that occasion?
>
> A      I was parked on the right-hand side of the building of the corner, the very first parking space near Skidaway Road.

Therefore, this is not a case in which the evidence merely "[e]stablished the venue of a near-by site." *Chapman*, 275 Ga. at 317 (4). Rather, here there was evidence sufficient to authorize the jury to find that Payne was in Chatham County when he committed the offense of fleeing or eluding, at least on Skidaway Road.[3]

---

[3] Additionally, the van ultimately crashed into a tree that an investigating officer identified as also being in Chatham County. Pinpointing each of these three

Payne argues that his case is similar to *Grant*, in which we reversed a defendant's conviction for fleeing or eluding on the ground that the State had failed to prove venue. 326 Ga. App. at 123-24 (2). In that case, the evidence showed that the defendant shot a cook at a restaurant located in Chatham County, then left the scene in his car. *Id.* at 123 (2). An officer testified that he had received a be-on-the-lookout for the defendant's car and unsuccessfully attempted to initiate a traffic stop through use of his blue lights and siren. *Id.* at 122. The defendant was later apprehended by other officers. *Id.* Several officers testified about the streets over which they traveled in their pursuit of the defendant, but none identified the county where the defendant failed to stop when signaled to do so or the county or counties through which the chase occurred. *Id.* at 123 (2). But *Grant* does not apply here. In this case, the evidence established not only the county of a location near the beginning of the chase, but also that the defendant was in that same county as the chase continued.

2. Payne also argues that his trial counsel provided ineffective assistance of counsel by (a) failing to request a charge defining "willfully," the required mens rea

---

locations identified as located in Chatham County — the trailer park, the fast food restaurant, and the crash site — on maps put in evidence provides a visual that further underscores that at least part of Payne's act of fleeing or eluding took place in, and the crime was completed within, Chatham County, as the van's path in part fell within the triangular area created by these three points.

9

for fleeing or attempting to elude; (b) failing to argue to the jury that the State had not proven mens rea given evidence that Payne was injured and therefore might have been confused (instead of willful) while he was driving the van; and (c) directing the jury to find Payne guilty of the fleeing or attempting to elude count. We disagree.

In order to prevail on an ineffective assistance of counsel claim, Payne "must show that trial counsel's performance fell below a reasonable standard of conduct and that there existed a reasonable probability that the outcome of the case would have been different had it not been for counsel's deficient performance." *Scott v. State*, 290 Ga. 883, 889 (7) (725 SE2d 305) (2012) (*citing Strickland v. Washington*, 466 U.S. 668 (104 S. Ct. 2052, 80 LE2d 674) (1984)). In reviewing a claim of ineffective assistance, we defer to the lower court's factual findings and credibility determinations unless clearly erroneous, but review a lower court's legal conclusions de novo. *Grant v. State*, 295 Ga. 126, 130 (5) (757 SE2d 831) (2014).

All of Payne's claims of ineffective assistance relate to his trial counsel's decision essentially to concede Payne's guilt on the fleeing or eluding charge. In his closing argument, trial counsel told jurors the case hinged on the credibility of the alleged victim, indicating the alleged victim's various accounts of the night in question had been inconsistent. In particular, counsel challenged as impossible the

alleged victim's testimony that he did not have a knife on him at the time of the alleged crimes. In the midst of his attack on the alleged victim's credibility, counsel told the jury:

> My client is driving, by the way. When you go back there, on this indictment, I'm going to save you some time, Count 7 fleeing, just pick the guilty box, okay? I'm not here to insult your intelligence. He's driving, he's fleeing, okay. Let's get that out of the way.

Counsel then proceeded to question the alleged victim's testimony regarding certain items the alleged victim claimed had been stolen but apparently were not recovered, saying it did not make sense that his client would have hauled a vacuum cleaner out of the van or retrieved a movie from a DVD player when he was "running from the law." He went on to emphasize Sapp's testimony to the effect that he had not seen Payne with a weapon and Payne had been badly injured.

At the hearing on Payne's motion for a new trial, trial counsel testified that he made a tactical decision not to contest the fleeing charge:

> Well, the evidence was absolutely overwhelming that he fled the scene. They had a video, a dash cam video. Not only that, they called a . . . cab driver who testified that he was driving at a high rate of speed. He jumped the curb. He hit a tree. He fled from the scene. He was later

11

arrested by, I believe, the U.S. Marshals. I think if I had argued otherwise, I would have lost all credibility with the jury.

Appellate counsel pressed trial counsel regarding whether he should have argued to the jury that Payne's loss of blood, rather than an intent to flee police, was the cause of Payne's erratic driving, particularly given testimony from one of the alleged victim's treating physicians that loss of blood can cause confusion. Trial counsel responded that he did not think he "could have done that with a straight face."

Recognizing that a lawyer's statement that he made a "tactical" decision does not preclude a finding of ineffectiveness, *see Benham v. State*, 277 Ga. 516, 518 (591 SE2d 824) (2004), the trial court here found trial counsel's testimony that he made a tactical decision to concede guilt on one count to be "credible" and ruled that the lawyer made no errors so serious that he was not functioning as counsel under the Sixth Amendment's guarantee. Whether an attorney's trial tactics are reasonable is a question of law, not fact, *see Jefferson v. Zant*, 263 Ga. 316, 318 (3) (a) (431 SE2d 110) (1993), so the credibility of counsel's explanation is of limited import. But we agree with the trial court that Payne has not raised a convincing claim of deficient performance. It is not objectively unreasonable to concede guilt on a lesser offense in an effort to avoid conviction on a more serious charge. *See Favors v. State*, 296 Ga.

12

842, 846-47 (4) (a) (770 SE2d 855) (2015) (not deficient performance to concede guilt on charge of aggravated assault on a peace officer in bid to avoid murder conviction); *Taylor v. State*, 304 Ga. App. 395, 400-01 (2) (b) (696 SE2d 686) (2010) (citing cases).

Here, counsel's decision to concede that his client was fleeing from the police and guilty of the associated offense may be justified not only as an attempt to engender credibility with the jury generally, but also as part of a specific strategy to raise questions about particular statements by the alleged victim about the theft of certain items, thereby avoiding conviction under the more serious charges. This strategy was particularly reasonable given that the fleeing or eluding charge carried a maximum possible sentence of five years in prison, *see* OCGA § 40-6-395(b)(5)(A), whereas Payne, having been convicted of at least three felonies previously, faced a sentence of life without parole were he convicted of armed robbery. *See* OCGA § 16-8-41(b); OCGA § 17-10-7(c). We find that the complained-of decisions by Payne's trial counsel did not fall below a reasonable standard of conduct and affirm Payne's conviction.[4]

---

[4] The Court notes the unhelpful nature of the State's brief. All told, it is six pages long, including a cover page and a certificate of service, and contains only one record citation. The majority of the brief simply recites boilerplate legal standards,

13

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*



with no argument as to how those standards apply here. One of the few sentences of actual argument refers to this matter as a murder case. The State clearly gave this appeal far less attention than did either the defense or this Court, and that is troubling.