**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

_DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._

**January 14, 2021**

# In the Court of Appeals of Georgia

A20A1854. ST. GERMAIN v. STATE.

MCFADDEN, Chief Judge.

After a jury trial, Justin St. Germain was convicted of rape, incest, two counts of child molestation, and three counts of aggravated child molestation. St. Germain appeals, challenging the effectiveness of his trial counsel; but he has failed to show that counsel's performance was both deficient and prejudicial. St. Germain also claims that the trial court erred in denying a motion to exclude evidence of prior difficulties due to the lack of notice from the state; but the court properly denied the motion as notice was not required and St. Germain has not shown plain error with regard to any further objections that were not raised below. St. Germain argues that the court erred in denying a motion to compel transcription of opening statements and closing arguments; but he has shown no harm resulting from the missing transcripts.

St. Germain's further contention that the state committed a *Brady* violation that was not preserved for appellate review. We therefore affirm the convictions.

1. *Ineffective assistance of counsel.*

St. Germain claims that his trial counsel was ineffective in failing to call two witnesses at trial, in failing to call character witnesses at sentencing, in conceding guilt during closing argument, and in failing to obtain a police report. To prevail on these claims, St. Germain "must show both that his counsel's performance was professionally deficient and that, but for the unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different. We need not review both parts of this test if [St. Germain] fails to prove one of them." *Strother v. State*, 305 Ga. 838, 848 (5) (828 SE2d 327) (2019) (citations omitted). St. Germain has failed to show that trial counsel's performance was both deficient and prejudicial.

(a) *Failure to call witnesses at trial.*

St. Germain claims that his trial counsel was ineffective in failing to call a psychologist as an expert witness and in failing to call the victim's minor sister as a witness to attack the victim's credibility. The claims are without merit.

[T]he decision whether to present an expert witness, like other decisions about which defense witnesses to call, is a matter of trial strategy that, if reasonable, will not sustain a claim of ineffective assistance. And for a defendant to establish that a strategic decision constitutes deficient performance, a defendant must show that no competent attorney, under similar circumstances, would have made it.

*Sullivan v. State,* 308 Ga. 508, 512 (2) (b) (842 SE2d 5) (2020) (citations and punctuation omitted). Here, trial counsel testified at the motion for new trial hearing that he decided not to call the psychologist, who had examined St. Germain, to testify because he spoke to the psychologist after the examination and "there was stuff there that was not compl[i]mentary [about St. Germain] that didn't make it into the report. And I didn't want a chance for that stuff to come out. . . . I made the decision I didn't want a psychologist talking about what I had — was told that they had found in their testing and in their examination." Given counsel's reasonable explanation that he did not want to risk the possibility of harmful testimony from the psychologist, St. Germain "has failed to demonstrate that counsel's decision not to [call the psychologist as] an expert was constitutionally deficient." *Horton v. State*, ___ Ga. ___ (5) (b) (849 SE2d 382) (2020).

As for the victim's minor sister, St. Germain contends that counsel should have called her as a witness to ask her about her statement during a forensic interview that

3

she and her mother do not tell the victim things because the victim cannot keep things to herself. But it is unclear from St. Germain's brief how such testimony would have undermined the victim's credibility since it did not pertain to the victim's truthfulness. Moreover, at the motion for new trial hearing, counsel testified that he probably would have presented testimony from a witness who actually said the victim was a liar, but he would not automatically have introduced the proposed testimony from the victim's sister because such a decision depends on all the circumstances, including the difficulty of controlling a child witness at trial. St. Germain has made no showing that the decision not to call the victim's minor sister as a witness was so unreasonable that it amounted to deficient performance. See *Walker v. State*, 301 Ga. 482, 491 (4) (c) (801 SE2d 804) (2017) ("[D]ecisions as to what witnesses and other evidence to present are matters of trial strategy and are ineffective only if [they are] unreasonable ones that no competent attorney would make.").

(b) *Failure to call character witnesses at sentencing.*

St. Germain contends that his trial counsel was ineffective in failing to call his parents, sister, and friends as character witnesses at the sentencing hearing. With regard to friends, St. Germain has not identified any particular witnesses or indicated specifically what testimony they could have given, and he made no such proffer at the

4

motion for new trial hearing. "[A]t a motion for new trial hearing, either the uncalled witness must testify or the defendant must introduce a legally recognized substitute for the uncalled witness's testimony. Without having made such an evidentiary showing at the hearing, [St. Germain] cannot demonstrate prejudice on his claim that counsel was ineffective." *Price v. State*, 305 Ga. 608, 614 (4) (825 SE2d 178) (2019) (citations and punctuation omitted). See also *Polk v. State*, 275 Ga. App. 467, 470-471 (3) (620 SE2d 857) (2005) (where defendant offers no evidence as to identity of uncalled witnesses and makes no proffer as to their purported testimony, we cannot find that counsel's performance was deficient or prejudicial).

As for the parents and sister, although they testified at the motion for new trial hearing about St. Germain's good character, trial counsel was never asked specifically about those three witnesses and why he did not call them to testify at sentencing. Rather, the motion hearing transcript reveals that when counsel was asked if he had been given a list of potential character witnesses for the sentencing hearing, counsel did not say that he had been given such a list for sentencing. Instead, he testified that he had been given a list of witnesses for trial, but that most of them either would not show up for trial or had nothing helpful to say, so he only used one or two of them as witnesses at trial. And while counsel was then asked if "some type of testimony"

5

might have helped at sentencing, he was never specifically asked about using character testimony of St. Germain's parents or sister and why he had decided not to call them as witnesses during the sentencing hearing. "[B]ecause [St. Germain] did not ask his trial counsel any questions at the motion for new trial hearing about the reasons why [he] decided [not to call the parents and sister] to testify, we presume that any reason relating to trial counsel's [decision] was strategic and would not amount to ineffective assistance." *Newman v. State*, 309 Ga. 171, 175-176 (2) (a) (844 SE2d 775) (2020). See also *Ballard v. State*, 281 Ga. 232, 234 (2) (637 SE2d 401) (2006) (no ineffective assistance where defendant did not question attorney regarding reasons for a decision that may be presumed to be strategic); *Dyer v. State*, 278 Ga. 656, 660 (7) (604 SE2d 756) (2004) (same).

(c) *Conceding guilt during closing.*

St. Germain argues that his trial counsel was ineffective because he conceded that St. Germain was guilty during closing argument. But there was no such concession of guilt by counsel. Rather, as established by St. Germain's own witnesses at the motion for new trial hearing, trial counsel argued during his closing that the state had not proved guilt beyond a reasonable doubt, but he further noted that even if the jurors found guilt on certain offenses, they did not have to find guilt on all

6

charges. As counsel explained at the motion hearing, he simply wanted to give the jurors options and direct them away from a verdict carrying multiple life sentences. Furthermore, even if counsel had not merely sought to clarify the verdict options and had actually conceded guilt on some charges in order to avoid more serious convictions, St. Germain still "has not raised a convincing claim of deficient performance[ since i]t is not objectively unreasonable to concede guilt on a lesser offense in an effort to avoid conviction on a more serious charge." *Payne v. State*, 338 Ga. App. 677, 683 (2) (791 SE2d 451) (2016). See also *Favors v. State*, 296 Ga. 842, 846-847 (4) (a) (770 SE2d 855) (2015) (counsel not ineffective in conceding guilt on aggravated assault in order to avoid murder conviction).

(d) *Police report.*

St. Germain enumerates that trial counsel was ineffective in failing to obtain a police report. As an initial matter, we note that while trial counsel very well may not have obtained the report, St. Germain has failed to make such a showing by his record citations. See Court of Appeals Rule 25. In support of this enumeration, St. Germain cites to a single page of the motion for new trial hearing transcript. But that transcript page shows that when counsel was asked if he ever got a copy of the report, he responded, "There might have been a few pages, but I can't tell you yes or no."

7

Counsel then acknowledged that if the report was not in his file, it would be fair to say that he had not received it. But there was no further questioning of counsel or other evidence presented to establish whether or not the report was in his file. We note that in arguing another enumeration of error, St. Germain cites to another page of the hearing transcript to support his statement that appellate counsel received trial counsel's file and it did not contain a copy of the report. But that transcript page does not show those alleged facts and instead shows only that trial counsel gave his file to an attorney other than appellate counsel; there is nothing on that page showing that trial counsel's file did not contain the report. It is not this court's duty to cull the record on behalf of the appellant in search of error, and based on the parts of the record cited by St. Germain, he has failed to carry his burden of proving the factual premise of his enumerated error. See *King v. State*, 300 Ga. 180, 182 (2) (794 SE2d 110) (2016) ("The appellant bears the burden of proving error by the appellate record.").

Nevertheless, even if we accept for the sake of argument that trial counsel failed to obtain a copy of the police report, St. Germain still has not shown prejudice from such failure. The police report was from a county which had suspended its investigation of St. Germain pending new information, not from the county that

prosecuted the instant case. In the report, as St. Germain notes, the officer who prepared it opined that St. Germain had few, if any, opportunities to have abused the victim in that county. But St. Germain failed to present testimony from the officer at the motion for new trial hearing, so there was no explanation from the officer about that opinion or about the rest of the report, which recited ample evidence of St. Germain's guilt in this case. Among other things, the report stated that the victim had given a valid outcry about the abuse in that other county, it explained how there were two months when St. Germain actually could have committed the abuse there, and it noted that the vast majority of the sexual abuse had occurred in the county involved in the instant case and another county. Moreover, the report included lengthy and detailed statements about the victim's forensic interview describing the abuse by St. Germain in this case, detailed descriptions of the victim's outcries to her mother and sister, and a notation that a detective in the instant case had spoken with St. Germain and he had neither admitted nor denied the sexual abuse allegations. Given that the report contained multiple and detailed descriptions of the alleged abuse in this case and that there was no testimony from the officer about the report or the decision to suspend the investigation, we conclude that St. Germain "has failed to show sufficient

9

prejudice resulting from counsel's [purported] failure to [obtain the report]." *Cisneros v. State*, 299 Ga. 841, 853 (3) (b) (792 SE2d 326) (2016).

2. *Prior difficulties.*

St. Germain filed a motion in limine to exclude evidence of prior difficulties between him and the victim on the basis that the state had failed to give notice of such evidence. After a hearing, the trial court correctly denied the motion. OCGA § 24-4-404 (b) expressly provides that "[n]otice shall not be required when the evidence of prior crimes, wrongs, or acts is offered to prove . . . prior difficulties between the accused and the alleged victim."

To the extent St. Germain has raised other arguments on appeal that were not raised at trial, he has failed to claim or show plain error. See *Lopez v. State*, 355 Ga. App. 319, 322-323 (2) (844 SE2d 195) (2020) (holding that it was not plain error for the trial court to admit prior difficulties evidence); *Mullins v. State*, 298 Ga. App. 368, 371 (1) (b) (680 SE2d 474) (2009) ("[P]lain error is that which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding. No [such] exceptional circumstances are presented here.") (citation and punctuation omitted).

10

3. *Motion to compel transcription.*

The trial court granted St. Germain's pretrial motion to record all proceedings. The court reporter subsequently recorded, but did not transcribe, the opening statements and closing arguments of the attorneys. After the trial, St. Germain filed a motion to compel the court reporter to transcribe the opening statements and closing arguments, but the trial court denied the motion. St. Germain complains the trial court erred in denying that motion.

With regard to the opening statements, St. Germain has made no claim that any error occurred during those statements. Indeed, he states in his brief only that he has claimed that an error occurred during closing arguments. As there is no allegation that error occurred during the opening statements, St. Germain has not shown that he has suffered any harm from the absence of a transcript of those statements. "Failure to transcribe is not harmful per se; rather, the defendant as appellant must demonstrate to this court harm resulting from the failure to transcribe." *Rutledge v. State*, 245 Ga. 768, 773 (4) (267 SE2d 199) (1980).

As for the closing arguments, the only alleged error that St. Germain has identified is the argument of counsel discussed above in Divsion 1 (c). But as explained in that division and as conceded by appellate counsel at the motion for new

11

trial hearing, St. Germain was able to establish a record of counsel's allegedly improper closing argument through the testimony of witnesses at that hearing. So again, there has been no showing of harm due to the lack of a transcript. "Since the [absence of a transcript] alone does not demonstrate harmful error, we deem [this] enumeration of error to be without merit." *Taylor v. State*, 172 Ga. App. 827, 829 (4) (324 SE2d 788) (1984). See also *Cooper v. State*, 163 Ga. App. 482 (1) (295 SE2d 161) (1982) (appellant failed to show harm or prejudice from absence of full transcript of proceedings).

4. *Brady violation.*

St. Germain complains that the prosecutor in this case committed a *Brady* violation by failing to give him a copy of the other county's police report discussed above in Division 1 (d) because it showed that the other county had suspended its investigation. But as was established at the motion for new trial hearing, St. Germain's attorney knew that the other county had suspended its case prior to the trial in the instant case.

> The evidence at the hearing, therefore, supports a finding that [St. Germain] was on notice of the information he now claims was withheld by the prosecution before the trial concluded. Yet he raised no objection and made no claim at trial that the State had violated *Brady v. Maryland*, 373 U.S. 83 (83 SCt 1194, 10 LEd2d 215) (1963), by withholding

12

exculpatory information. Accordingly, the trial court could have concluded that Smith waived his right to raise this issue.

*Smith v. State*, 309 Ga. App. 241, 242-243 (1) (709 SE2d 823) (2011). Because St. Germain "failed to make any objection on this ground at trial[, he] did not properly preserve this argument for appeal." *Nelson v. State*, 279 Ga. App. 859, 864 (2) (632 SE2d 749) (2006) (finding waiver of *Brady* violation claim).

5. *Cumulative error.*

"Georgia courts considering whether a criminal defendant is entitled to a new trial should consider collectively the prejudicial effect of trial court errors and any deficient performance by counsel — at least where those errors by the court and counsel involve evidentiary issues." *State v. Lane*, 308 Ga. 10, 14 (1) (838 SE2d 808) (2020). We have considered collectively any alleged errors by the trial court and deficient performance by trial counsel and we conclude that the cumulative prejudicial effect of such errors, if any, does not require a new trial. See *Davis v. State*, ___ Ga. App. ___ (3) (e) (848 SE2d 173) (2020) (finding no cumulative error).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*