## 58125. RYLAND GROUP, INC. v. GWINNETT COUNTY BANK et al.

BANKE, Judge.

The appellant brought suit against appellees Gwinnett County Bank and Jack Harper to recover on certain checks drawn on appellant's account at the bank and allegedly paid without proper endorsement. The checks were made payable to "Jack Harper/Plymart" in some instances, and to "Jack Harper/Lowes Doravil" in others. Appellant's contention is that the diagonal slash, or "virgule" symbol between the names on the payee line of the checks signified joint payees requiring endorsement by both parties, whereas the bank paid the checks with only Harper's endorsement. This appeal is from the grant of summary judgment to the bank and denial of summary judgment to the appellant. *Held:*

"An instrument payable to the order of two or more persons (a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it; (b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them." Code Ann. § 109A-3—116 (Uniform Commercial Code). Plaintiff concedes in his brief that the symbol (/), a slash or diagonal line, has been defined to mean alternative construction. The concession is apt. "Virgule" is defined as follows: "[I]n modern printing and writing, a short slanting stroke drawn between two words, usually *and* and *or* (thus, and/or), and indicating that either may be used by the reader to interpret the sense." Webster's New International Dictionary of the English Language, Second Edition, Unabridged (1961). Other dictionary definitions make equally clear that the symbol connotes the disjunctive, or alternative. Thus, the bank's payment of the checks with only Harper's endorsement was not only proper but was required. It follows that the trial court was correct in granting summary judgment to the bank, and denying summary judgment to the plaintiff.

During oral argument of this case, appellant's counsel was asked by the court why the maker of the checks did not write the word "and" between the names of

the payees if that was its intention. Counsel's reply was that the checks were written by computer. The court makes no suggestion about changing computers, but it does bring to mind the following: "To err is human but to really foul things up requires a computer." (The Farmers' Almanac, 1978 Edition.)

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED JULY 11, 1979 — DECIDED SEPTEMBER 4, 1979.

*Jerry B. Hatcher,* for appellant.
*James E. Howard,* for appellees.