**DYNALECTRON CORPORATION,**
**Plaintiff,**

v.

**UNION FIRST NATIONAL BANK.**

**Civ. A. No. 80–0211.**

United States District Court,
District of Columbia.

May 1, 1980.

Christopher J. White, Washington, D. C., for plaintiff.

Nicholas D. Ward, Hamilton & Hamilton, Washington, D. C., for defendant.

---

## ORDER

AUBREY E. ROBINSON, Jr., District Judge.

Presently before the Court are cross motions for summary judgment in this action in which Plaintiff, Dynalectron Corporation, seeks recovery from Defendant, Union First National Bank, of Twenty Thousand Dollars ($20,000), the total amount drawn on three checks accepted by Defendant and credited to the account of one Shrader Professional Communications, Inc. (hereinafter Shrader). Plaintiff charges conversion and negligence in the manner in which Defendant handled the three checks.

The relevant facts are not in dispute. Shrader deposited in its account at Defendant bank three checks drawn on an account of one H.A.S. Construction Co., Inc. at The Equitable Trust Company in Baltimore, Maryland. The checks were drawn payable to "Shrader, Inc./Dynacom." Dynacom is a subsidiary of the Plaintiff corporation. Each check was endorsed only by Shrader. Plaintiff alleges that Defendant should have interpreted the checks as being jointly payable and therefore should not have accepted the checks and credited them to Shrader's account.

28 D.C.Code § 3-116 (1973) provides that a check payable to two or more payees in the alternative is negotiable with only one endorsement whereas a check payable jointly to two or more payees is not negotiable without the endorsements of all payees. Whether the checks in the instant case are payable in the alternative or payable jointly turns on the meaning of the symbol "/", known as a virgule. The virgule is normally used to separate alternatives. Thus, a bank exercising reasonable care and acting in good faith would necessarily interpret a check drawn to two payees whose names are separated by a virgule as being drawn payable to the payees in the alternative. *See Ryland Group, Inc. v. Gwinnett County Bank*, 151 Ga.App. 128, 258 S.E.2d 776 (1979). Contrary to Plaintiff's contentions, in the instant case the Defendant bank was under no duty to inquire concerning the intent of the drawer of the check. Moreover, the affidavit of Floyd J. Crosslin, submitted by the Plaintiff, indicates that the drawer prepared the checks in the manner at issue upon explicit instructions from Shrader and not because the drawer was itself concerned with whether they were payable either jointly or in the alternative.

In short, Defendant bank has fulfilled its duty of reasonable care and good faith in the manner in which it handled the checks at issue. A check drawn payable to two payees, A and B, whose names are separated by a virgule is a check payable to the payees in the alternative. Such a check is functionally identical to one drawn payable to two payees in the manner "A or B".

Based upon the foregoing, it is by the Court this 1st day of May, 1980,

ORDERED, that Defendant's motion for summary judgment is hereby GRANTED; and it is

FURTHER ORDERED, that Plaintiff's motion for summary judgment is hereby DENIED; and it is

FURTHER ORDERED, that judgment is hereby entered in favor of Defendant.