OPINION OF THE COURT
Joseph Jiudice, J.
This is a motion by the defendant third-party plaintiff Bank Hapoalim, B.M., for summary judgment dismissing the plaintiff’s complaint. The plaintiff cross-moves for summary judgment.
The plaintiff commenced this action to recover damages in the amount of $10,000 for the alleged improper and unauthorized action by the Bank Hapoalim, B.M., in accepting for deposit a check drawn by the third-party defendant Trajan, Inc.
The check, drawn and presented to the bank for deposit, was made payable to the order “Revel/Miran Ready Mix”.
In March, 1979, Revel Construction Company, Inc., deposited the check in its account with the bank. The check contained the indorsement of “Revel”. It is the claim of the bank that it accepted the check for deposit in good faith, and no evidence is submitted by the plaintiff which would imply otherwise.
*633 The bank, as third-party plaintiff, commenced a third-party action against the third-party defendants, Revel Construction Company, Inc., and Trajan, Inc., which third-party action seeks an indemnity from the third-party defendants in the event the plaintiff recovers against the bank.
The principal thrust of the plaintiff’s action and its motion for summary judgment is that the signatures of both “Revel” and “Miran Ready Mix” were necessary in order to properly negotiate the check in question, and it is alleged that the bank accepted for deposit and paid the check in issue without the indorsement of the co-payee as required by section 3-116 of the Uniform Commercial Code.
This appears to be a case of first impression in New York State.
The primary issue raised herein revolves around the meaning of the (/), or virgule, between the names of the two payees on the check in question.
By various dictionary definitions, the symbol (/), or virgule, denotes the disjunctive or alternative. “Virgule” is defined as follows: “In modern printing and writing, a short slanting stroke drawn between two words, usually ‘and’ and ‘or’ (thus, and/or), and indicating that either may be used by the reader to interpret the sense.” (Webster’s New International Dictionary of the English Language.) (See, also, Funk & Wagnalls Standard Desk Dictionary, the Random House Dictionary of the English Language, Un-Abridged [1966], and the American Heritage Dictionary of the English Language [1969]).
The defendant’s counsel’s statement that his extensive research indicated that he has found only two cases in the country that have addressed this issue is well founded. This court’s independent research in attempting to resolve this unique issue has likewise failed to reveal any cases in point reported in this State. The only two cases which are appropriate to the issue have been cited by counsel (Dynalectron Corp. v Union First Nat. Bank, 488 F Supp 868; Ryland Group v Gwinnett, 151 Ga App 148).
In Dynalectron Corp. v Union First Nat. Bank (supra, p 869) the court stated as follows:
*634 “Whether the checks in the instant case are payable in the alternative or payable jointly turns on the meaning of the symbol “/”, known as a virgule. The virgule is normally used to separate alternatives. Thus a bank exercising reasonable care and acting in good faith would necessarily interpret a check drawn to two payees whose names are separated by a virgule as being drawn payable to the payees in the alternative. See ryland group, inc. v. gwinnet county bank, 151 Ga. App. 128, 258 S.E.2d 776 (1979). Contrary to Plaintiff’s contentions, in the instant case the Defendant bank was under no duty to inquire concerning the intent of the drawer of the check * * *
“In short, Defendant bank has fulfilled its duty of reasonable care and good faith in the manner in which it handled the checks at issue. A check drawn payable to two payees, A and B, whose names are separated by a virgule is a check payable to the payees in the alternative. Such a check is functionally identical to one drawn payable to two payees in the manner ‘A or B’.”
Plaintiff’s reliance on certain principles of contract law and on specific provisions of the Uniform Commercial Code in opposition to the bank’s motion and in support of its motion for summary judgment is misplaced. Neither section 1-205 nor section 3-119 of the Uniform Commercial Code has any application to the narrow issue presented to this court. Section 3-118 of the Uniform Commercial Code sets forth strict rules concerning the construction of negotiable paper. It is stated in New York Jurisprudence that: “Except as controlled by specific provisions of the Commercial Code, negotiable paper is to be construed like other contracts. The meaning of the contract must be sought from all the words contained within the four corners of the instrument. If reasonably possible, an instrument should be construed so as to present no ambiguity or inconsistency.” (41 NY Jur, Negotiable Instruments, § 60, p 257.)
If any general rule is to develop from this case, it is that a check made payable to the order of two payees whose names are separated by a diagonal slash, or “virgule” symbol, is properly paid by a bank with the indorsement of only one of the named payees. Such a general rule must *635 necessarily be based upon dictionary definitions which make it clear that the “virgule” symbol connotes the disjunctive or alternative with the result that bank’s payment of a check with the signature of only one of the payees is not only proper but required.
In the instant case, the ultimate conclusion is inescapable that there is no issue of fact and as a matter of law the check in question was properly accepted for deposit by the defendant bank.
The plaintiff’s cross motion for summary judgment is denied, and the motion by the defendant, third-party plaintiff, Bank Hapoalim, B.M., for summary judgment dismissing the plaintiff’s complaint is granted.