(September 4, 1986)

■ C. H. SANDERS CONSTRUCTION CO., INC., Appellant, v BANKERS TRUST COMPANY, Respondent and Third-Party Plaintiff, et al., Third-Party Defendants.—Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered September 13, 1985, which denied plaintiff's motion for summary judgment and awarded summary judgment to defendant pursuant to CPLR 3212 (b), unanimously modified, on the law, with costs, the award of summary judgment in defendant's favor is vacated, and, as modified, affirmed.

Plaintiff, a general contractor, subcontracted with Tech Heating & Mechanical, Inc. (Tech) to do the plumbing on one of its construction projects. Progress payments made by plaintiff to Tech were to be used, at least in part, to pay for materials supplied by Blake Plumbing Supply (Blake). After learning that Blake was not being paid, plaintiff attempted to ensure Blake's receipt of the sums owed by making the final check sent to Tech in the amount of $26,000 payable to both Tech and Blake. The check was drawn on plaintiff's account at defendant Bankers Trust. It was negotiated on the indorsement of Tech alone at European American Bank and plaintiff's account at Bankers Trust was debited accordingly. Plaintiff then commenced this action against Bankers Trust for honoring the check which had been indorsed by only one of the two payees, contrary to the requirement of UCC 3-116 (b). Defendant eventually answered, alleging, *inter alia,* that plaintiff failed to state a cause of action and that plaintiff, having received value for the subject check, would be unjustly enriched if its account were credited. Before defendant was able to conduct discovery previously requested as to the latter-mentioned defense, plaintiff made the motion for summary judgment, the disposition of which led to this appeal.

In awarding defendant summary judgment, Special Term observed that plaintiff's use of what might be interpreted as a virgule in addition to the word "and" between the payees designated on the check raised an ambiguity as to whether the check required the indorsement of one or both of the payees. As the ambiguity was of plaintiff's making, Special Term ventured that plaintiff should be required to accept the consequences. It is, however, not merely the drawer's interest which is at issue, but that of the payees, who have no control over the manner in which the instrument is drawn. If a check, ambiguous on its face regarding whether it is to be paid in the alternative or jointly, is paid on the indorsement of one payee, the other payee will be deprived of his or her interest in the instrument. For this reason, policy dictates in this case of first impression that the subject instrument, which is ambiguous respecting the need for joint indorsement, be deemed payable jointly. (See, 4 Hawkland & Lawrence, Uniform Commercial Code Series § 3-116:02, at 179.)

This would resolve the matter but for defendant's affirmative defense that plaintiff has in fact received value for the check. As plaintiff points out, the burden of establishing an evidentiary basis for this defense is defendant's. (Middle States Leasing Corp. v Manufacturers Hanover Trust Co., 62 AD2d 273, 276.) Defendant, however, has not yet had an opportunity to conduct discovery in support of its defense and should be permitted to do so. Concur—Murphy, P. J., Sandler, Lynch, Kassal and Ellerin, JJ.