**In the Matter of GENERAL MICRO-COMPUTER, INC., Debtor.**

**GENERAL MICROCOMPUTER, INC., Plaintiff,**

v.

**CROW–WILLIAMS # 11, a Texas Limited Partnership, Defendant.**

Bankruptcy No. 85–31369.
Adv. No. 88–3046.

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

Dec. 11, 1989.

J. Richard Ransel, James H. Milstone, Elkhart, Ind., for debtor/plaintiff.

Aimee Hess, Dallas, Tex., and John W. Van Laere, South Bend, Ind., for defendant.

### ORDER

ROBERT K. RODIBAUGH, Senior Bankruptcy Judge.

On March 23, 1988, General Microcomputer, Inc. ("General"), the debtor herein, filed its Complaint asking the court to determine pursuant to 11 U.S.C. § 544 that its interest in a $15,728.95 Time Certificate of Deposit made payable to Crow–Williams # 11, General Micro is superior to that of

Crow–Williams # 11 ("Crow"), a Texas limited partnership. Crow filed its answer and counterclaim on May 6, 1988. On June 23, 1988, the court entered its Order directing that the filing of a stipulation and briefs by the parties would constitute a full submission on the complaint and counterclaim.[1] The parties filed their stipulation of facts and contentions on August 23, 1988, and the court took the matters under advisement on November 9, 1988, following the time allowed for submitting briefs.

*Background*

The parties stipulated to the following facts:

1. That [General] filed its petition for relief under Chapter 11 of the Bankruptcy Code on December 4, 1985.

2. That on April 1, 1985, [General] entered into a Real Estate Lease with [Crow] for certain real estate located in Dallas, Texas, (the "Lease").... The Basic Lease Information provides for a security deposit of $15,728.95 "in the form of a bank deposit in South Bend, Indiana."

3. That page 1, paragraph 3 of the Lease contains the following additional language pertinent to said security deposit:

> The payment of such security shall be in the form of a certificate of deposit, which certificate shall have Crow–Williams # 11 as the sole payee, and such interest shall be paid (sic) Tenant. In the event all or any portion of the security deposit is drawn upon during the term of the Lease, the Tenant will replinish (sic) the deposit with another deposit.

4. That [General] obtained a certain Certificate of Deposit in the amount of $15,728.95 payable to "Crow–Williams No. 11, General Micro." Said Certificate of Deposit was obtained from 1st Source Bank in South Bend, Indiana....

5. That the tax ID number on the certificate, # 35–1421659, is [General]'s tax ID number.

6. That [General] has at all times had sole possession of said certificate. [Crow] has never had possession of said certificate.

7. That all interest accruing on said certificate was paid by 1st Source Bank to [General].

8. That [General] has not paid rent for the premises leased from [Crow] since August, 1985, and the rent and other charges due pursuant to the Lease is (sic) an amount in excess of the amount of the certificate.

Stipulation of Facts and Contentions of Parties at 1–2 (August 23, 1988).

General submits that the parties intended to create a security interest in the certificate of deposit in favor of Crow but that Crow failed to perfect the interest by obtaining possession of the certificate. Pursuant to 11 U.S.C. § 544 General contends that it holds the rights of a judicial lienholder and has a superior interest to that of Crow in the certificate. General argues that the terms of the Lease between the parties are irrelevant in determining the ownership of the certificate in that while General may have had a contractual duty to create a deposit under the Lease, its failure to do is immaterial in determining the nature of the certificate actually created. General asserts that according to the relevant law the certificate is an "instrument" within the meaning of Ind.Code § 26–1–9–105(1)(i) and that Crow thus had to take possession of the certificate in order to perfect its interest therein.

With respect to the payee designation "Crow–Williams # 11, General Micro" on the certificate, General contends that rules of construction favor interpreting the certificate as being payable to Crow or General. General compares the use of a comma in a payee term to that of a slash or virgule and argues that the court should interpret the comma as an alternative designation. General further contends that the face of the certificate itself supports the position that General is an alternative payee thereon. Specifically, the certificate lists Gener-

---

**1.** At the pre-trial conference held on June 15, 1988, the parties advised the court that they would be able to stipulate to all of the relevant facts.

al's address for the payee's address and uses General's tax identification number for the purpose of taxing interest on the certificate. Moreover, 1st Source Bank directed all interest on the certificate to General thereby arguably treating the certificate as being payable in the alternative. Consistent with this treatment, General paid all taxes on the interest which accrued with respect to the certificate. Since General holds the certificate and allegedly is an alternative payee thereon, General submits that the court should find that it holds a superior interest therein. In the alternative, if the court finds that the parties hold joint interests in the certificate, General contends that at most Crow is entitled only to a one-half interest in the certificate.

Crow, on the other hand, relies upon the Lease and asserts that the parties intended for Crow to be an actual owner of the certificate rather than merely a party holding a secured interest therein.[2] Crow states that the issue of perfection therefore is not material and submits that its interest in the certificate is superior to that of General. Relying upon Article 3.116 of the Uniform Commercial Code,[3] Crow further contends that since the certificate does not provide that it is payable to one of the payees, it is payable to both payees jointly. Hence, Crow submits that the certificate must be negotiated by both Crow and General. Crow asserts that as General is unable to carry its burden of showing affirmatively that the certificate is payable in the alternative, it has no right to cash the certificate without Crow's endorsement thereon. Crow accordingly asks the court to find that the certificate is payable jointly to the parties.

### Discussion and Decision

Under Indiana law an instrument payable in the alternative to two or more persons "is payable to any one [1] of them and may be negotiated, discharged or enforced by any of them who has possession of it...." Ind.Code Ann. § 26–1–3–116(a)

(Burns 1974). If an instrument payable to two or more persons is not payable in the alternative, however, it "is payable to all of them and may be negotiated, discharged or enforced only by all of them." Ind.Code Ann. § 26–1–3–116(b) (Burns 1974). The sole issue in this proceeding is whether a Time Certificate of Deposit made payable to "Crow–Williams # 11, General Micro" is payable in the alternative or jointly. Based upon the relevant law and the facts of this case, the court concludes that the certificate is payable jointly.

In *Swiss Baco Skyline Logging, Inc. v. Haliewicz*, 18 Wash.App. 21, 567 P.2d 1141, 22 U.C.C.Rep.Serv. 441 (1977), the only case which the parties and the court could locate dealing precisely with the issue at hand, the Court of Appeals of Washington considered the meaning of the payee designation "Emil Haliewicz, Swiss Baco Skyline Logging, Inc." on a check. The court observed that the use of a comma separating two parties' names on an instrument "introduces a patent ambiguity onto the face of the instrument." *Id.* 567 P.2d 1141, 22 U.C.C.Rep.Serv. at 448. The court resolved the ambiguity which led to the parties' dispute over ownership of the check by looking to the parties' intent. *Id.* 567 P.2d 1141, 22 U.C.C.Rep.Serv. at 449. Questioning whether the parties intended for the comma to mean "and" or "or" and whether they meant for the comma to designate Haliewicz as an employee of Swiss Baco Skyline Logging, Inc., the court concluded that the parties responsible for the language intended for the check to be payable to Haliewicz unconditionally. *Id.* 567 P.2d 1141, 22 U.C.C.Rep.Serv. at 448–449. The court noted that no other parol evidence contradicted its conclusion. *Id.* 567 P.2d 1141, 22 U.C.C.Rep.Serv. at 449.

Reviewing the certificate of deposit in controversy in this case, the court concludes, based upon the rationale of *Swiss Baco*, that the payee designation also is ambiguous. Certainly, the designation

---

**2.** In making this argument Crow apparently abandons the arguments set forth in its counterclaim concerning its alleged security interest in the certificate.

**3.** Under Indiana law this article is codified as Ind.Code § 26–1–3–116.

"Crow–Williams # 11, General Micro" on the Certificate of Deposit is not meant merely to be descriptive; Crow and General are distinct entities. Moreover, the court is not convinced of General's argument that use of the comma between the parties' names implies an alternative designation similar to that of a slash or virgule. As the court noted in *Ryland Group, Inc. v. Gwinnett County Bank*, 151 Ga.App. 148, 259 S.E.2d 152, 27 U.C.C.Rep.Serv. 717, 718 (1979), dictionaries make clear that use of a virgule symbol (/) "connotes the disjunctive, or alternative." Dictionary definitions do not, however, solve the problem of interpreting the meaning of a comma within an instrument.[4] The meaning of the comma on the certificate simply is unclear without further evidence.

The court also is unable to determine whether the certificate is payable alternatively or jointly by looking to the other information printed on the certificate. The mere listing of General's tax identification number and address on the certificate does not confirm that the parties intended for General to be the sole owner of the certificate or for General and Crow to be alternative payees. Similarly, the fact that General received interest and paid taxes on the monies held in the certificate is not controlling. The parol evidence of the Lease does not clear up the ambiguity in the certificate either because the Lease provides that payment of security for purposes of the Lease is to be in the form of a certificate of deposit naming Crow "as the sole payee...." Stipulation of Facts and Contentions of Parties at 2. As the certificate of deposit in controversy, though, plainly lists the two different parties as payees, the court declines to conclude that the parties intended for the certificate to be payable solely to Crow. The court determines that the Lease therefore does not evidence the parties' intent concerning the ownership of the certificate.

Inasmuch as the language of the certificate itself is ambiguous and the court is unable to determine its intended meaning by looking to the parol evidence presented, the court determines that the certificate is payable to the parties jointly. The court believes that this determination is the most equitable result and that it is consistent with Ind.Code § 26–1–3–116(b) which provides that if an instrument is not payable in the alternative, it is payable to all payees and "may be negotiated, discharged or enforced only by all of them." Ind.Code Ann. § 26–1–3–116(b) (Burns 1974).

*Conclusion*

WHEREFORE, the court now determines that General and Crow jointly own Time Certificate of Deposit # 138803 evidencing funds in the amount of $15,728.95 deposited at 1st Source Bank, made payable to Crow–Williams # 11, General Micro. The court accordingly grants that portion of General's Complaint which requests alternative relief. The court further denies Crow's counterclaim finding that Crow has a one-half ownership interest, rather than a security interest, in the certificate of deposit. It is

SO ORDERED.

---

4. For example, *see* The American Heritage Dictionary of the English Language (New College Edition 1976) 266, which defines "comma" as "[a] punctuation mark (,) used to indicate a separation of ideas or elements within the structure of a sentence" or "[a]ny pause or separation; a caesura."