[No. 25914–8–I.   Division One.   April 22, 1991.]

JAN E. MUMMA, *Appellant,* v. RAINIER NATIONAL
BANK, *Respondent.*

*John S. Mills,* for appellant.

*Peter McCormick* and *Graham & Dunn,* for respondent.

BAKER, J.—Jan Mumma appeals the trial court's granting of summary judgment to respondent Rainier National Bank and denial of summary judgment to herself, alleging the trial court erred in failing to rule that respondent wrongfully accepted a check for deposit. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Jan Mumma received a cashier's check from Mutual of Enumclaw representing a partial annuity withdrawal of $13,904.48. She then met with James H. Liddell, an investment adviser doing business under the corporate name JHL & Associates, Inc. Liddell agreed to invest Mumma's funds in Fidelity, a nationally traded mutual fund management company. At Liddell's direction, Mumma endorsed the check to "Fidelity/JHL & Associates". She alleges that she intended and expected that Fidelity as well as JHL & Associates would have to endorse the check.

Liddell deposited the check into the account of JHL & Associates, Inc. (JHL) at Rainier National Bank (Rainier)[1] without any endorsement from Fidelity, but with JHL's endorsement in the form of a stamp. Rainier National Bank presented the check to the drawee bank and was paid on it. Mumma has been unable to recover her money from JHL, which is now insolvent, or from Liddell, who is serving a jail sentence for fraud stemming from this incident and others like it. Mumma brought suit against Rainier for conversion, breach of warranty and negligence in handling the check. The trial court dismissed Mumma's claims on Rainier's cross motion for summary judgment. This appeal followed.

## DISCUSSION

The resolution of this case depends upon whether the slash or "virgule" symbol ("/") used by Mumma in endorsing her check is interpreted to mean "and" or "or". Mumma contends the slash is ambiguous and therefore, under RCW 62A.3–116, her check was not payable in the

---

[1] Rainier National Bank is now known as Security Pacific Bank Washington, N.A.

alternative. Rainier contends that the common meaning of the slash is "or", and thus the check was payable in the alternative either to Fidelity or JHL. This is an issue of first impression in Washington.

RCW 62A.3–116 provides:

> An instrument payable to the order of two or more persons
> (a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;
> (b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.

Mumma contends that ambiguous checks—checks "not in the alternative", RCW 62A.3–116(b)—are payable jointly and must have the endorsement of all payees. She argues that a slash is often used to connote something other than "or", citing as examples: miles/hour, 7/20/90, 3/4, and d/b/a. In addition, Mumma herself worked in the travel industry, where she alleges "M/M" is used to mean Mr. *and* Mrs. Since the slash can have many different meanings depending on its context, she argues that the symbol is ambiguous and the trial court's holding creates a trap for the unwary check writer.

Mumma also argues that as a matter of public policy, a bank, rather than a random member of the public, should bear the cost of its choice to do business without properly scrutinizing check endorsements. Since a bank usually has recourse against its customer if a deposited check fails to clear, Mumma claims that some banks fail to use sufficient care in scrutinizing endorsements on checks presented for deposit (as opposed to checks presented for cashing). The simple precaution of requiring both parties to endorse a check that has an ambiguous payee line would protect all parties, Mumma argues.

Each of appellant's arguments assumes that an ambiguity exists. She disregards the plain meaning of the slash symbol, which two federal courts and courts in two other states have unanimously held to mean "or" in the same context presented here. *Dynalectron Corp. v. Equitable Trust Co.,* 704 F.2d 737 (4th Cir. 1983); *L.B. Smith, Inc.*

*v. Bankers Trust Co.,* 80 A.D.2d 496, 439 N.Y.S.2d 543 (1981), *aff'd,* 55 N.Y.2d 942 (1982); *Brown Strober Bldg. Supply Corp. v. Living House, Inc.,* 107 Misc. 2d 294, 433 N.Y.S.2d 724 (N.Y. Dist. Ct. 1980); *Miron Rapid Mix Concrete Corp. v. Bank Hapoalim, B.M.,* 105 Misc. 2d 630, 432 N.Y.S.2d 776 (N.Y. Sup. Ct. 1980); *Dynalectron Corp. v. Union First Nat'l Bank,* 488 F. Supp. 868 (D.D.C. 1980); *Ryland Group, Inc. v. Gwinnett Cy. Bank,* 151 Ga. App. 148, 259 S.E.2d 152 (1979).

These decisions rely on dictionary definitions of "virgule", which state that the symbol connotes disjunctive, or alternative, construction: "a short slanting stroke drawn between two words, usually *and* and *or* (thus, and/or), and indicating that either may be used by the reader to interpret the sense.'" *Ryland Group, Inc.,* at 148 (quoting *Webster's New International Dictionary* (2d ed. 1961)); "'[a] short oblique stroke (/) between two words indicating that whichever is appropriate may be chosen to complete the sense of the text in which they occur". *L.B. Smith, Inc.,* at 497 n.2 (quoting *The Random House Dictionary* (1967).

While Mumma is correct that the virgule or diagonal symbol has many uses in modern language, she cites none outside of the travel industry that involve the conjunctive ("and") meaning. We are not inclined to transport the peculiarities of a particular business usage into the code of commercial law. In the absence of a more general showing that the virgule means "and" in common usage, we choose to put our own law in accordance with previously decided cases on the same issue.

Mumma's citation to *Swiss Baco Skyline Logging, Inc. v. Haliewicz,* 18 Wn. App. 21, 567 P.2d 1141 (1977) is inapposite. There, a check made payable to "Emil Haliewicz, Swiss Baco Skyline Logging, Inc.", *Swiss Baco,* at 25, *was* properly held to be ambiguous, especially in the context of RCW 62A.3–117, which concerns "instrument[s] made payable to a named person with the addition of words describing him". We find no such ambiguity here.

Neither is Mumma's cause assisted if we look to the intent of the parties responsible for the language in question, as the court did in *Swiss Baco Skyline Logging.* It is difficult to accept at face value Mumma's assertion that she endorsed her check intending that both Fidelity and JHL would have to provide their endorsements. It was Liddell who instructed Mumma to endorse the check as she did, and Liddell obviously intended that only one endorsement would be required.

We affirm.

PEKELIS and AGID, JJ., concur.

Reconsideration denied June 14, 1991.