[No. 17089-6-III.  Division Three.  December 10, 1998.]

J.R. SIMPLOT, INC., *Appellant*, v. RICHARD L. KNIGHT, ET AL., *Defendants*, YAKIMA FEDERAL SAVINGS AND LOAN ASSOCIATION, *Respondent*.

---

*Robert M. Boggs* of *Lyon, Weigand & Gustafson*, for appellant.

*Donald D. Bundy* of *Wilson, Bundy & Greiner*, for respondent.

KATO, J. — J.R. Simplot, Inc., d/b/a Simplot Soilbuilders, appeals the trial court's summary judgment dismissal of its conversion claim against Yakima Federal Savings and Loan Association for paying on a forged endorsement. Simplot contends a hyphen between two payees' names on a check means that it is payable jointly and the court erred by determining the check was payable in the alternative. We agree and reverse.

Simplot had a security interest in Richard L. Knight's 1996 crops. Simplot notified prospective crop buyers of its security interest. These notices requested buyers to include Simplot's name on any checks made out to Mr. Knight for the purchase of those crops. Two buyers paid for crops with checks made payable to "Rick Knight — Simplot Soil Builders." Mr. Knight endorsed the checks, forged Simplot's endorsement, and deposited them into his account at Yakima Federal.

Simplot brought an action against Yakima Federal for paying on a forged endorsement and thereby converting funds belonging to Simplot. Claiming the checks were ambiguous and therefore payable in the alternative, Yakima Federal moved for summary judgment. The court granted summary judgment dismissal on the basis that the hyphen was indeed ambiguous and Mr. Knight's signature alone was thus a sufficient endorsement as the checks were payable in the alternative. This appeal followed.

The appellate court reviews a summary judgment order de novo and therefore engages in the same inquiry as the trial court. *Chen v. State*, 86 Wn. App. 183, 187, 937 P.2d 612, *review denied*, 133 Wn.2d 1020 (1997). The facts here are undisputed and only a question of law is presented.

Simplot contends a hyphen is not ambiguous because it clearly means "and." The objective intent of the maker determines to whom an instrument is initially payable. RCW 62A.3-110(a). But when an instrument is payable to two or more persons, RCW 62A.3-110(d) states the rule:

> If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them. If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.

Addressing a similar issue, *Mumma v. Rainier Nat'l*

*Bank*, 60 Wn. App. 937, 940, 808 P.2d 767, *review denied*, 117 Wn.2d 1019 (1991), held that a virgule (/), when placed between two names, is unambiguous and specifically indicates the check is payable in the alternative. The court focused primarily on the dictionary definition of a virgule.

Likewise here, we look to the dictionary definition of a "hyphen." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1114 (1993)[1] defines the term as follows:

> 1. hy phen\hi-fen\n, -s [LL & Gk; LL, a diacritical mark (-) used to indicate that two words are to be read as a compound, fr. Gk, fr. *hypn' hen* under one, fr. *hypo* under + *hen* (neut. of *heis* one) — more at UP, SAME] **1:** the punctuation mark — used to divide or to compound words or word elements: **a:** a mark used for division esp. at the end of a line terminating with a syllable of a word that is completed in the next line, between letters or syllables repeated to give the effect of stuttering, sobbing, or halting expression (as in *s-s-sorry*), or between the letters of a word spelled out letter by letter (as in *p-r-o-b-a-t-i-o-n-a-r-y*) **b:** a mark used for compounding esp. in a compound containing a prepositional phrase (as in *mother-in-law*), in a compound adjective (as in *first-rate*), in a compound whose first element is *self* (as in *self-pity*), in a compound whose second element is capitalized (as in *pro-British*), in a compound containing reduplication (as in *bang-bang*), in a spelled-out compound numeral (as in *twenty-five*), in a compound whose meaning differs from that of an otherwise identical word (as in *re-formation*), in a compound containing a vowel otherwise confusingly doubled (as in *co-opt*), or in a compound containing the same letter three successive times (as in *bell-less*) **2:** Something resembling a hyphen <the lady whose odd smile is the merest ~ — Karl Shapiro> 2 hyphen\'\ vt hyphened; hyphened; hyphening\ -f (e) nin\hyphens: to connect (as two words or the parts of a word) with a hyphen: mark with a hyphen.

■ A hyphen is an indicator that words are to be read as a compound or together. Unlike a virgule which separates, a hyphen joins. We hold that a hyphen between the names

---

[1]*See In re Personal Restraint of Well*, 133 Wn.2d 433, 438, 946 P.2d 750 (1997).

of two payees on a check unambiguously means "and" so that the check is payable to all of them and may be negotiated only by all of them.

Reversed.

SCHULTHEIS, C.J., and KURTZ, J., concur.

Reconsideration denied January 11, 1999.

Review granted at 138 Wn.2d 1001 (1999).