[No. 67652-6. En Banc.]

Argued September 21, 1999.     Decided November 18, 1999.

J.R. SIMPLOT, INC., *Respondent*, v. RICHARD L. KNIGHT, ET AL., *Defendants*, YAKIMA FEDERAL SAVINGS AND LOAN ASSOCIATION, *Petitioner.*

*Halverson & Applegate, P.S.*, by *Don W. Schussler* and *Linda Ann Sellers*, for petitioner.

*Lyon, Weigand & Gustafson*, by *Robert Morrill Boggs*, for respondent.

*Cone, Gilreath, Ellis & Cole*, by *Erin L. Anderson*, on behalf of Washington Savings League and Washington Bankers Association, amicus curiae.

SANDERS, J. — Although "[p]unctuation is a most fallible standard by which to interpret a writing," *Lessee of Ewing v. Burnet*, 36 U.S. (11 Pet.) 41, 54, 9 L. Ed. 624 (1837), the sole issue we must determine is the legal significance of a hyphen separating multiple payees on a negotiable instrument.

Three checks made payable to the order of "Rick Knight-Simplot Soil Builders" were endorsed and deposited by Rick Knight alone. Simplot sued Yakima Federal Savings and Loan (hereinafter "Yakima Federal") for conversion, but the trial court granted summary judgment, holding the hyphen was ambiguous and the check was therefore payable in the alternative. The Court of Appeals, Division Three, reversed. We granted Yakima Federal's petition for review and hold a hyphen is patently ambiguous when used to separate multiple payees on a negotiable instrument. Because the checks here did not unambiguously indicate whether they were to be paid jointly or in the alternative, RCW 62A.3-110 mandates they were payable in the alternative, thus requiring only one valid endorsement to be properly negotiated.

## FACTS

The following facts are undisputed by the parties. J.R. Simplot, Inc. (d/b/a Simplot Soilbuilders) held a security interest in Richard L. Knight's 1996 crops. To protect this security interest, Simplot sent a "SECURITY INTEREST NOTICE" to all potential purchasers of Knight's crops. This notice informed the buyers of Simplot's security inter-

est and requested: "If you purchase or are involved in the sale of these farm products, please include Simplot Soilbuilders on all drafts issued to [Knight]." Clerk's Papers at 32-33. The payment instructions provided: "Secured Party and Debtor's name must be placed on check." *Id.*

In 1996 Knight sold crops to George DeRuyter & Sons Dairy, which paid for the crops with a check in the amount of $32,916.79. George DeRuyter & Sons Dairy made the check payable to the order of "Rick Knight-Simplot Soil Builders." Knight endorsed his name, apparently forged the endorsement of Simplot Soilbuilders, and deposited the check into his account at Yakima Federal.

Knight also sold crops to Connell Grain Growers in 1996. Connell Grain Growers paid for the crops with two checks, one in the amount of $22,494.73 and the other in the amount of $2,573.99. Connell Grain Growers made both checks payable to the order of "Rick Knight-Simplot Soil Build." Knight endorsed his name, apparently forged the endorsement of Simplot Soilbuilders, and deposited both checks into his account at Yakima Federal.

Simplot Soilbuilders, George DeRuyter & Sons Dairy, and Connell Grain Growers did not maintain accounts at Yakima Federal and the bank did not have a signature card for any of these businesses. When an instrument is payable in the alternative, Yakima Federal's internal policy does not require more than one endorsement nor does it require both payees to be present when the instrument is negotiated.

Simplot sued Yakima Federal for conversion alleging the bank improperly paid on forged endorsements. Yakima Federal moved for summary judgment, claiming the checks at issue were ambiguous as to whether they were payable to Rick Knight and Simplot Soilbuilders jointly or in the alternative and, because they were ambiguous, RCW 62A.3-110 provided the checks were payable in the alternative. Yakima Federal argued that, because only one signature was required and Knight properly endorsed the checks, whether the other endorsements may have been unautho-

rized or forged was irrelevant. The trial court agreed and granted summary judgment dismissal. The court reasoned:

> [B]ecause in this case this check is presented, it does have a hyphen, and I think the hyphen raises an ambiguity. The statute says if there's an ambiguity, it's alternatively. It's or. It could be cashed. The bank is correct. The motion is granted.

Verbatim Report of Proceedings (RP) at 12-13.

Simplot appealed. In a published opinion, the Court of Appeals reversed the trial court, holding "a hyphen between the names of two payees on a check unambiguously means 'and' so that the check is payable to all of them and may be negotiated only by all of them." *J.R. Simplot, Inc. v. Knight*, 93 Wn. App. 369, 372-73, 973 P.2d 472 (1998). Because it found the endorsements of *both* Knight and Simplot were required to properly cash the checks, the Court of Appeals reversed the summary judgment dismissal of Yakima Federal. The Court of Appeals subsequently denied Yakima Federal's motion for reconsideration. We granted Yakima Federal's petition for review and now reverse the Court of Appeals.

### Hyphenated Payees

■■ As this is clearly a question of law, our review is de novo. *Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994) (when reviewing a summary judgment order, all questions of law are reviewed de novo).

RCW 62A.3-110 governs the identification of persons to whom an instrument is payable and provides in part:

> If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them. *If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.*

RCW 62A.3-110(d) (emphasis added). Yakima Federal contends the use of a hyphen to separate multiple payees creates a patent ambiguity which allows instruments to be properly payable with only one valid endorsement pursuant to RCW 62A.3-110(d).

A. Legislative History of RCW 62A.3-110

Prior to 1994, the Uniform Commercial Code (UCC) did not explicitly address the issue of multiple payee ambiguity. Rather, former RCW 62A.3-116 was the only statutory provision governing multiple payee instruments and provided:

An instrument payable to the order of two or more persons

(a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;

(b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.

Former RCW 62A.3-116 (amended by LAWS OF 1993, ch. 229, § 18). Thus if a depositary bank was unable to demonstrate a check was payable to two or more persons in the alternative, the check was considered payable jointly and the bank faced liability for conversion if it paid the instrument with a single endorsement. *See* former RCW 62A.3--419 (amended by LAWS OF 1993, ch. 229, § 59).

In 1993 the Washington State Legislature enacted a new section to address the issue of multiple payee ambiguity. As noted above, RCW 62A.3-110(d) currently provides in relevant part: "If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively."[1] RCW 62A.3-110(d) now requires the *drawer* of the instrument to clearly express his or her intent as to whether an instrument is payable jointly or in the alternative. UCC Official Comment 4 reflects this shifted burden, explaining:

---

[1]RCW 62A.3-110 mirrors the 1990 Official Revision of the UNIFORM COMMERCIAL CODE, § 3-110.

The third sentence of subsection (d) is directed to cases in which it is not clear whether an instrument is payable to multiple payees alternatively. *In the case of ambiguity persons dealing with the instrument should be able to rely on the indorsement of a single payee.* For example, an instrument payable to X and/or Y is treated like an instrument payable to X or Y.

RCWA 62A.3-110, cmt. 4 (emphasis added). Thus if the use of a hyphen to separate multiple payees renders the instrument ambiguous, a bank is not liable for conversion if it pays the instrument with the endorsement of a single payee.

## B. Interpreting the Hyphen

The legal significance of the hyphen when used to separate multiple payees on a negotiable instrument is an issue of first impression in Washington. Although Washington courts have not addressed this precise issue, two earlier cases—both predating RCW 62A.3-110—examined the use of the comma and the virgule (or slanted line) between multiple payees.

In *Swiss Baco Skyline Logging, Inc. v. Haliewicz*, 18 Wn. App. 21, 567 P.2d 1141 (1977), the court was asked to determine whether a bank properly paid a check payable to the order of "Emil Haliewicz, Swiss Baco Skyline Logging, Inc." Although the plaintiff contended the payee designation constituted joint payee language, the court disagreed:

> The comma which separates the two parties introduces a patent ambiguity onto the face of the instrument. Is the comma a substitute for the word "and" or for the word "or"? Does · the comma simply associate Haliewicz as working for Swiss Baco in the sense of an identifying phrase?

*Swiss Baco*, 18 Wn. App. at 29-30. Because the case was decided under a prior version of the UCC, the court resolved the ambiguity by considering evidence of the intent of the parties. However, this case remains instructive in describing the comma as a patently ambiguous

mark. *See also Public Citizen, Inc. v. First Nat'l Bank*, 198 W. Va. 329, 480 S.E.2d 538 (1996) (check payable to the order of "Public Citizen, Attn Jim Kampanos" was ambiguous and thus payable jointly under prior version of UCC).

Similarly, in *Mumma v. Rainier National Bank*, 60 Wn. App. 937, 808 P.2d 767 (1991), the payee on a cashier's check brought an action against the depositary bank for wrongfully accepting a check by an endorsee whose name was separated from the other endorsee by a virgule ("/"). Relying on dictionary definitions and cases from other jurisdictions, the court concluded the plain meaning of the mark unequivocally means "or" and denotes a choice between the two named payees. *Mumma*, 60 Wn. App. at 940-41.[2]

The proper meaning to be given a hyphen separating multiple payees on a negotiable instrument has not been satisfactorily resolved by other jurisdictions either. In *Centre Le Corbusier v. Nabis Fine Arts, Inc.*, 13 U.C.C. Rep. Serv. (Callaghan) 500 (N.Y. Sup. Ct. 1973), the court held that an action on promissory notes payable to the order of "Centre Le Corbusier-Heidi Weber" could not be maintained by the Centre without joining Weber or showing it was the holder or otherwise entitled or authorized to sue on the notes. *Id.* at 500. Despite this holding, the court merely commented that the payees "appear to be joint payees." *Id.*

*Boyce v. Chase Manhattan Bank*, 5 U.C.C. Rep. Serv. 2d (Callaghan) 1016 (Nassau County Ct. 1988), is similarly in-

---

[2]Other jurisdictions—both state and federal—unanimously agree the plain meaning of the virgule unambiguously means "or" when used to separate multiple payees on a negotiable instrument. *See Purina Mills, Inc. v. Security Bank & Trust*, 215 Mich. App. 549, 547 N.W.2d 336 (1996); *Danco, Inc. v. Commerce Bank/Shore, N.A.*, 290 N.J. Super. 211, 675 A.2d 663 (1996); *Kinzig v. First Fidelity Bank, N.A.*, 277 N.J. Super. 255, 649 A.2d 634 (1994); *Dynalectron Corp. v. Equitable Trust Co.*, 704 F.2d 737 (4th Cir. 1983); *L.B. Smith, Inc. v. Bankers Trust Co.*, 80 A.D.2d 496, 439 N.Y.S.2d 543 (1981); *Brown Strober Bldg. Supply Corp. v. Living House, Inc.*, 107 Misc. 2d 294, 433 N.Y.S.2d 724 (1980); *Miron Rapid Mix Concrete Corp. v. Bank Hapoalim*, 105 Misc. 2d 630, 432 N.Y.S.2d 776 (1980); *Ryland Group, Inc. v. Gwinnett County Bank*, 151 Ga. App. 148, 259 S.E.2d 152 (1979); *but see C.H. Sanders Constr. Co. v. Bankers Trust Co.*, 123 A.D.2d 251, 506 N.Y.S.2d 58 (1986) (an instrument payable to "A and/ B" is ambiguous on its face regarding whether it is payable in the alternative or jointly).

adequate. There, the plaintiff brought a conversion action against the bank for permitting Mr. Landau to negotiate a check made payable to "Landau-Boyce" by endorsing it in that manner. The bank won summary dismissal by claiming it was not liable to Boyce as the "-" mark was a virgule and indicated the check was payable to Landau and Boyce in the alternative. The appellate court reversed the summary dismissal, reasoning:

> There is no proof that the mark between the named payees is in fact a virgule, other than the defendant's characterization of it as such. Therefore, the court cannot find as a matter of law that the check was payable to "Landau-Boyce" in the alternative. This remains a question of fact which precludes summary disposition.

*Boyce*, 5 U.C.C. Rep. Serv. 2d (Callaghan) at 1019. Although Yakima Federal misconstrues *Boyce* as finding the hyphen ambiguous and Simplot erroneously asserts the case supports the premise that "the option of payment in the alternative does not even exist when a hyphenated check is presented" (Responsive Br. of Appellant at 3), the only inference we draw from this holding is that a hyphen may not necessarily have the same meaning as a virgule (i.e., payable in the alternative). Clearly, *Boyce* does not stand for the proposition that a hyphen is ambiguous per se or that a hyphen unequivocally creates joint payees.

Finally, in *Joffe v. United California Bank*, 141 Cal. App. 3d 541, 190 Cal. Rptr. 443 (1983), the court rejected the argument that a check made payable to "Continental Financial Systems-Wells Fargo Escrow Trust Account" created joint payees. Rather, the court held:

> The presence of the hyphen following the word "Systems" indicates that both lines describe a single payee. A hyphen between two words compounds or connects the words: "to hyphen" means "to connect (as two words or the parts of a word) with a hyphen. . . ."

*Id.* at 552-53 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1114 (1981)). Thus in these three cases from

other jurisdictions, the hyphen has been interpreted both as indicating joint payees and as creating a single payee.

In the present case, the Court of Appeals purportedly followed the logic of *Mumma* and based its interpretation of the hyphen on the dictionary definition of the mark. *J.R. Simplot, Inc.*, 93 Wn. App. at 372. But whereas the dictionary definition of "virgule" clearly denotes a disjunctive or alternative construction (*see Mumma*, 60 Wn. App. at 940), the dictionary definition of "hyphen" is anything but clear. The *Simplot* court quoted the following lengthy definition of "hyphen" from WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1114 (1993):

> 1. hy phen\hi-fen\n, -s [LL & Gk; LL, a diacritical mark (-) used to indicate that two words are to be read as a compound, fr. Gk, fr. *hypn' hen* under one, fr. *hypo* under + *hen* (neut. of *heis* one) — more at UP, SAME] **1:** the punctuation mark — used to divide or to compound words or word elements: **a:** a mark used for division esp. at the end of a line terminating with a syllable of a word that is completed in the next line, between letters or syllables repeated to give the effect of stuttering, sobbing, or halting expression (as in *s-s-sorry*), or between the letters of a word spelled out letter by letter (as in *p-r-o-b-a-t-i-o-n-a-r-y*) **b:** a mark used for compounding esp. in a compound containing a prepositional phrase (as in *mother-in-law*), in a compound adjective (as in *first-rate*), in a compound whose first element is *self* (as in *self-pity*), in a compound whose second element is capitalized (as in *pro-British*), in a compound containing reduplication (as in *bang-bang*), in a spelled-out compound numeral (as in *twenty-five*), in a compound whose meaning differs from that of an otherwise identical word (as in *re-formation*), in a compound containing a vowel otherwise confusingly doubled (as in *co-opt*), or in a compound containing the same letter three successive times (as in *bell-less*) **2:** Something resembling a hyphen < the lady whose odd smile is the merest ~ — Karl Shapiro > 2 hyphen\"\ vt hyphened; hyphened; hyphening\ -f (e) nin\hyphens: to connect (as two words or the parts of a word) with a hyphen: mark with a hyphen.

*J.R. Simplot, Inc.*, 93 Wn. App. at 372. The court then

paraphrased the definition: "A hyphen is an indicator that words are to be read as a compound or together. Unlike a virgule which separates, a hyphen joins." *Id.*

But as Yakima Federal correctly notes, the dictionary definition—the only authority directly relied upon by the Court of Appeals—does not support the conclusion a hyphen between multiple payees unambiguously means "and." Rather, the dictionary definition indicates a hyphen *both* separates and joins. In fact, the first sentence defines a "hyphen" as a punctuation mark "used to *divide* or to *compound* words or word elements. . . ." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1114 (1993) (emphasis added). Thus, the dictionary definition alone supports a finding that the use of a hyphen to separate multiple payees on a negotiable instrument is patently ambiguous.[3]

Simplot unconvincingly urges us to examine the *context* in which a hyphen is used to determine whether it creates an ambiguity.

> [I]f one were presented a check made payable to Roger Jones-Greg Smith, no one would consider them to be one person or entity. The use of the hyphen would convey the intent that the maker wanted the check to be payable to both of the individuals. On the other hand, if it read "Roger Jones-Greg Smith Company["], there may be a question as to whether or not it was payable to a single entity, or to Roger Jones a person and an entity called the Greg Smith Company.

Supplemental Br. of Simplot at 2. Simplot reasons because "Simplot Soilbuilders is a division of a large agricultural

---

[3]Other dictionaries and secondary sources demonstrate the multifarious use of hyphens. *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 593 (1983) ("used to divide or to compound words, word elements, or numbers"); THE AMERICAN HERITAGE DICTIONARY 411 (3d ed. 1994) (defining "hyphenate" as "[t]o divide or connect with a hyphen"); THE CHICAGO MANUAL OF STYLE §§ 5.120-.121, at 188 (14th ed. 1993) ("The hyphen is used to separate numbers that are not inclusive, such as telephone numbers and social security numbers . . . ." and is also used "in compound words and in word division."). *See also* H.W. FOWLER, A DICTIONARY OF MODERN ENGLISH USAGE 255 (2d ed. 1965) ("No attempt will be made here to describe modern English usage in the matter of hyphens; its infinite variety defies description. No two dictionaries and no two sets of style rules would be found to give consistently the same advice.").

products company known throughout the Western United States," the checks here cannot be interpreted as payable to one entity. *Id.* But Simplot's example does not establish the hyphen unambiguously means "and," as one could easily misidentify Rick Knight as president, officer, partner, or employee of Simplot Soilbuilders. Further, Simplot's approach fosters uncertainty and inconsistency and requires bankers to attempt to ascertain the intent of the maker—a result expressly rejected by our legislature.[4] As the trial court aptly observed: "Why can't someone just write 'and' or 'or'. I mean, it's just pretty simple." RP at 13.

## CONCLUSION

In light of the case law and the dictionary definition, we reverse the Court of Appeals and hold a hyphen separating multiple payees on a negotiable instrument does not clearly demonstrate the drawer's intent to create joint payees. Because the instruments here did not unambiguously indicate whether they were to be paid jointly or in the alternative, RCW 62A.3-110 mandates they were payable in the alternative, thus requiring only one valid endorsement to be properly negotiated. We therefore affirm the trial court's summary judgment dismissing Simplot's claim against Yakima Federal, and reverse the Court of Appeals. Yakima Federal shall recover its costs on appeal.

GUY, C.J., SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, and IRELAND, JJ., and BAKER, J. PRO TEM., concur.

---

[4]Also, if a contextual approach were adopted, bankers would have the additional burden of determining whether the punctuation mark is a "dash," a "hyphen," or some other type of mark. THE CHICAGO MANUAL OF STYLE states that "[t]here are several kinds of dashes, differing in length. There are en dashes, em dashes, and 2- and 3-em dashes. Each kind of dash has its own uses." THE CHICAGO MANUAL OF STYLE § 5.105, at 185 (14th ed. 1993) (citation omitted). As a hyphen may easily be confused with a dash, this further supports our conclusion a hyphen is patently ambiguous when used to separate multiple payees on a negotiable instrument.